# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

CAIR-FOUNDATION, INC. and
CAIR-FLORIDA, INC.,

      *Plaintiffs*,

   v.

RONALD DESANTIS, in his official
capacity as Governor, State of Flor-
ida,

      *Defendant*.

Case No. 4:25-cv-516-MW-MJF

## DEFENDANT GOVERNOR DESANTIS'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Governor DeSantis (hereinafter "Defendant") hereby answers the First Amended Complaint, DE 21, as follows:

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation in Plaintiffs' First Amended Complaint, except those expressly admitted herein. The headings (without sub-headings, which are omitted) and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' First Amended Complaint. Headings that are reproduced in this Answer are included for

organizational purposes only, and Defendant does not admit any matter contained therein, unless otherwise expressly admitted herein.

## INTRODUCTION

Defendant admits that Plaintiffs brought this action for declaratory and injunctive relief against Ronald DeSantis in his official capacity as the Governor of the State of Florida, and that on December 8, 2025, Defendant signed Executive Order 25-244 (the "Executive Order"). The majority of the "INTRODUCTION" contains Plaintiffs' characterization of the Executive Order, which speaks for itself. Defendant denies Plaintiffs' characterizations to the extent they are inconsistent with the Executive Order. The "INTRODUCTION" also includes Defendant's legal conclusions about Executive Order and how it came into being, to which no response is required. However, to the extent a response is required, those allegations are denied. Defendant denies that this Court can or should grant Plaintiffs the relief they desire as described in the remaining portions of their "INTRODUCTION" section.

## PARTIES

1.  Admitted, except that Defendant is without knowledge, and therefore denies, the description that it is "an expressive association

engaged in civil rights advocacy" – to the extent this definition is intended to suggest that CAIR does nothing else.

2.    Admitted.

3.    Admitted that Defendant is the Governor of the State of Florida and that he issued Executive Order 25-244, which speaks for itself. The paragraph contains Plaintiffs' characterizations of the Executive Order. Defendant denies Plaintiffs' characterizations to the extent they are inconsistent with the Executive Order. Admitted that Defendant is being sued in his official capacity for declaratory and prospective injunctive relief. The remaining allegations and legal conclusions in the paragraph are denied.

## JURISDICTION AND VENUE

4.    Denied as written. Admitted that Plaintiffs purport to bring claims under federal law and allege that this Court has federal question jurisdiction, but denied that any such claims are valid or legally cognizable. Defendant notes that Plaintiffs have also raised Florida-law challenges to the Executive Order.

5.    Admitted that Plaintiffs have attempted to state a claim under the federal laws cited, as well as under the Constitution, but denied

that they have properly stated such claims, that there is any ongoing, immediate, and imminent constitutional violation, that Plaintiffs properly raised a justiciable controversy, and that Plaintiffs are entitled to any of the relief they seek.

6. Admitted.

## FACTUAL BACKGROUND[1]

### A. CAIR and CAIR-Florida and Their Mission

7. Admitted that CAIR was technically founded in 1994. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remainder of Paragraph 7; therefore, Defendant denies those allegations.

8. Admitted.

9. Admitted that "CAIR-Florida is a 501(c)(3) nonprofit organization registered as CAIR-Florida, Inc., and is an affiliated chapter of CAIR National." Defendant lacks sufficient knowledge to form a belief as to whether CAIR-Florida engages in advocacy, education, and civic participation, and, therefore, denies those allegations.

---

[1] Subheadings are omitted, but to the extent a response to the subheadings is necessary, the legal conclusions contained in those subheadings are denied.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10, and therefore Defendant denies those allegations.

11. Admitted that Plaintiffs, through people associated with Plaintiffs (whether as an "employee" or otherwise) engage in the activities listed in the paragraph, but denied that the list of activities is relevant to the reason behind the Executive Order. As to the last two sentences of paragraph 11, Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in that sentence, and, therefore Defendant denies those allegations.

12. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12, and therefore Defendant denies those allegations.

**B. CAIR's and CAIR-Florida's Lawful Advocacy for Palestinian Human Rights.**

13. Admitted as to past conduct. Without sufficient knowledge, and therefore denied, as to future conduct. Otherwise denied.

14. Admitted that Plaintiffs have assisted SJP based on the type of allegations listed in the paragraph, which are denied. Otherwise, denied.

15.     The allegations in this paragraph are vague, and therefore, they are denied as stated.  The paragraph contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

16.     Admitted that Plaintiffs were involved in the lawsuit listed in footnote 1 of the First Amended Complaint.  Denied as to the specific allegations regarding the lawsuit – the records of which are available to this Court and speak for themselves.  Defendant denies the remaining allegations in the paragraph.

17.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

18.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

19.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

20.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

21.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

**C. CAIR's and CAIR-Florida's Faith-based Activities and Advocacy.**

22.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

23.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

24.    Admitted that CAIR-Florida has participated in Muslim Day at the Florida legislature.  Defendant lacks sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and, therefore, Defendant denies those allegations.

25.    Admitted that CAIR-Florida requested to use a specific space at the Florida State Capitol for its 2026 Muslim Day and was denied use

of that space because it had already been reserved by a different group. Defendant lacks sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, which are therefore denied.

26.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

27.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

28.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

D.  **CAIR's and CAIR-Florida's Message of Nonviolence.**

29.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

30.     Denied.

31.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

32.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

## D. Defendant's Knowledge of and Opposition to CAIR's and CAIR-Florida's Advocacy

33.     Denied as alleged.

34.     Denied as alleged.

35.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations, except that Defendant admits that there is an "open letter to the Governor" on cairflorida.org, which speaks for itself.

36.     Defendant denies Plaintiffs' characterization of Defendant's statement.

37.     Denied.

38.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations. This paragraph refers to a purported public

statement by Defendant, the statement, if made, speaks for itself, in context, and Defendant denies Plaintiffs' characterization of any such public statement to the extent it is inconsistent with the public statement, when properly interpreted in context.

39.  Defendant admits the content of the quotation, but denies Plaintiffs' characterization thereof.

40.   Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.  Defendant denies the characterizations of HB 119 and of Defendant contained in footnote 3.

41.  Defendant admits content of the post, but denies Plaintiffs' characterization thereof.

42.  Admitted.

43.  Admitted that the Executive Order designates CAIR as a "terrorist organization" without being preceded by the word "foreign," and that the post includes the language "Florida is designating the Muslim Brotherhood and the Council on American-Islamic Relations (CAIR) as 'foreign terrorist organizations.'"  The paragraph contains a legal conclusion about Defendant's legal authority, to which no response is required.

However, to the extent a response is required, that allegation is denied. Defendant lacks sufficient knowledge to form a belief regarding the truth of the remaining allegations in this paragraph, and, therefore, Defendant denies those allegations.

44. Admitted.

45. Defendant denies Plaintiffs' characterization of his views.

**F. Executive Order 25-244.**

46. Admitted that Defendant issued the Executive Order, which speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order and its issuance.

47. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

## Section 1 of the Executive Order

48. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order that are inconsistent with the Executive Order. The paragraph also contains legal conclusions,

to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

49. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied. Denied that any statements in the Executive Order were pretextual.

50. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order that are inconsistent with the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

## Section 2 of the Executive Order

51. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order that are inconsistent with the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

52. Denied.

53.    The Executive Order speaks for itself.    Defendant denies Plaintiffs' characterizations about the Executive Order that are inconsistent with the Executive Order.  The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied.

54.    The Executive Order speaks for itself.    Defendant denies Plaintiffs' characterizations about the Executive Order that are inconsistent with the Executive Order.  The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied.

55.    The Executive Order speaks for itself.    Defendant denies Plaintiffs' characterizations about the Executive Order that are inconsistent with the Executive Order.  The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied.

**Section 3 of the Executive Order**

56.    The Executive Order speaks for itself.    Defendant denies Plaintiffs' characterizations about the Executive Order that are inconsistent with the Executive Order.   The paragraph also contains legal

conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied. Admitted that the DSOC met for purposes of addressing the Executive Order on December 19, 2025.

## G. Defendant's Improper Purpose for Issuing Executive Order 25-244

57.    Denied.

58.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

59.    To the extent this paragraph refers to a purported public statement by Defendant, the statement, if made, speaks for itself, in context, and Defendant denies Plaintiffs' characterization of any such public statement to the extent it is inconsistent with the public statement, when properly interpreted in context.

60.    Admit the content of the quotation by Defendant, but deny any characterization thereof.

61.    This paragraph refers to a purported public statement by non-party. Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations involving the non-party in this paragraph,

and, therefore, Defendant denies those allegations. As to the final sentence, admit the content of the quotation, but deny any characterization thereof.

62. Admit that Defendant responded to reporter questions, but deny Plaintiffs' characterization of Defendant's response.

63. Denied as stated, and to the extent that this paragraph includes a legal conclusion, no response is required. However, to the extent a response is required, those legal conclusions are denied.

64. Denied.

## H. Executive Order 25-244 and its Realized, Ongoing Harms

65. Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

66. Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

67. Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

68.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

69.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

70.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

71.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

72.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

73.    Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

74.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

75.     Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.

76.     Denied.

77.     Denied. The paragraph contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

78.     Denied. The paragraph contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.  Otherwise, denied.

## CLAIMS

## COUNT I

79.     Defendant realleges and incorporates, by reference, his responses to paragraphs 1-78 as if fully set forth herein.

80.  Admitted that Plaintiffs are suing under the cited federal laws and the Constitution and are seeking declaratory and injunctive relief.

## Discrimination Based on Content and Viewpoint

81.  The paragraph includes Plaintiffs' characterization and legal conclusions about the meaning of the First Amendment.  No response is required, but to the extent a response is required, Defendant denies to the extent those characterizations are inconsistent with the law and notes that the characterization is overbroad and vague, and denies that the characterization is accurate.

82.  The paragraph includes Plaintiffs' characterization and legal conclusions about the meaning of the First Amendment.  No response is required, but to the extent a response is required, Defendant notes that the characterization is overbroad and vague, and denies that the characterization is accurate. Those legal conclusions are denied to the extent they are inconsistent with the law.

83.  The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. To the extent that Plaintiff

raises legal conclusions, no response is required, but to the extent that a response is required, Defendant notes that the characterization is over-broad and vague, and denies that the characterization is accurate. Those legal conclusions are denied to the extent that a response is required.

84. The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. To the extent that Plaintiff raises legal conclusions, no response is required, but to the extent that a response is required, Defendant notes that the characterization is over-broad and vague, and denies that the characterization is accurate. Those legal conclusions are denied to the extent that a response is required.

85. The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. To the extent that Plaintiff raises legal conclusions, no response is required, but to the extent that a response is required, Defendant notes that the characterization is over-broad and vague, and denies that the characterization is accurate. Those legal conclusions are denied to the extent that a response is required.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

91. Denied.

## Retaliation for Protected Speech

92. The paragraph contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

93. The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

94.     The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

95.     The allegations in this paragraph are broad and vague, and, therefore, Defendant cannot form a basis to admit or deny the allegations, and therefore denies the allegations. The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law

96.     Denied.

97.     Denied.

98.      Denied.

99.     Denied.

**Coercion of Third Parties to Punish or Suppress Free Speech**

100.  The paragraph includes Plaintiffs' characterization and legal conclusions about the meaning of the First Amendment.  No response is required, but to the extent a response is required, Defendant notes that the characterization is overbroad and vague, and denies that the characterization is accurate and denies those characterizations to the extent they are inconsistent with the law.

101.  The paragraph includes Plaintiffs' characterization and legal conclusions about the meaning of the First Amendment.  No response is required, but to the extent a response is required, Defendant notes that the characterization is overbroad and vague, and denies that the characterization is accurate and denies those characterizations to the extent they are inconsistent with the law.

102.  The Executive Order speaks for itself.  Defendant denies Plaintiffs' characterizations of the Executive Order.  The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied.

103.  Denied.

104.  Denied.

105. Denied. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

106. Denied. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

## COUNT II

107. Defendant realleges and incorporates, by reference, his responses to paragraphs 1-78 as if fully set forth herein.

108. Defendant acknowledges that through Count II Plaintiffs' attempt to state a claim pursuant to the First Amendment, the Fourteenth Amendment, and Section 1983, for declaratory and injunctive relief.

109. The paragraph contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

110. The paragraph contains legal conclusions, to which no response is required. However, to the extent a response is required, those

legal conclusions are denied to the extent they are inconsistent with the law.

111. The paragraph contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

112. Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## COUNT III

117.  Defendant realleges and incorporates, by reference, his responses to paragraphs 1-78 as if fully set forth herein.

118.  Defendant acknowledges that through Count III Plaintiffs' attempt to state a claim pursuant to the First Amendment, the Fourteenth Amendment, and Section 1983, for declaratory and injunctive relief.

119.  The paragraph contains legal conclusions, to which no response is required.  However, to the extent a response is re-quired, those legal conclusions are denied to the extent they are inconsistent with the law.

120.  Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in the first sentence.  Defendant denies the allegations in the second sentence.

121.  Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations. The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied.

122.  Defendant lacks sufficient knowledge to form a belief regarding the truth of the allegations in this paragraph, and, therefore, Defendant denies those allegations.  The paragraph also contains legal conclusions, to which no response is required.  However, to the extent a response is required, those legal conclusions are denied to the extent they are inconsistent with the law.

123.  Denied.

124.  Denied.

125.  Denied.

126.  Denied.

## COUNT IV

127.  Defendant realleges and incorporates, by reference, his responses to paragraphs 1-78 as if fully set forth herein.

128.  Defendant acknowledges that through Count IV Plaintiffs' attempt to state a claim pursuant to the Fourteenth Amendment, and Section 1983, for declaratory and injunctive relief.

129.  The paragraph contains legal conclusions, to which no response is required.  However, to the extent a response is re-quired, those

legal conclusions are denied to the extent they are inconsistent with the law.

130. Admitted.

131. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

132. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

133. Denied. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

134. The Executive Order speaks for itself. Defendant denies Plaintiffs' characterizations of the Executive Order. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

135. Denied. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

136. Denied. The paragraph also contains legal conclusions, to which no response is required. However, to the extent a response is required, those legal conclusions are denied.

## PRAYER

137. Defendant denies that Plaintiffs are entitled to any of the relief requested in their First Amended Complaint.

## DEFENDANT'S DEFENSES

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. Plaintiffs lack a cause of action to sue Defendant.

3. Plaintiffs' claims present non-justiciable political questions.

4. To the extent Plaintiffs claim that Defendant acted outside of his legal authority in issuing the Executive Order, that issue belongs in State Court.

5. Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

6. Pursuant to 42 U.S.C. Section 1988(b), Defendant will be entitled to recover his attorney's fees if he is deemed the substantially prevailing party and if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant prays that:

1. Plaintiffs' claims be denied.

2. Plaintiffs take nothing by this action;

3. Defendant recovers all costs, including attorney's fees; and

4. Such other relief this Court deems proper or to which Defendant is entitled.

February 10, 2026                    Respectfully submitted,

JAMES UTHMEIER
  *Attorney General*

*/s/ Jeffrey P. DeSousa*
JEFFREY P. DESOUSA (FBN 110951)
  *Acting Solicitor General*
JASON J. MUEHLHOFF
  *Chief Deputy Solicitor General*
SAMUEL F. ELLIOTT (FBN 1039898)
  *Deputy Solicitor General*
TYLER E. GUSTAFSON (FBN 1049292)
  *Assistant Solicitor General*
CASEY J. WITTE (FBN 1070288)
  *Solicitor General Fellow*
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*jeffrey.desousa@*
*myfloridalegal.com*
*jenna.hodges@*
*myfloridalegal.com*

*/s/ James P. Waczewski*
James P. Waczewski (FBN 0154989)
Special Counsel
Complex Litigation Division
Office of the Attorney General
PL - 01, The Capitol
Tallahassee, Florida 32399-1050
850-414-3300
James.Waczewski@myfloridalegal.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished by electronic service through the CM/ECF Portal on February 10, 2026, to all counsel of record.

/s/ *Jeffrey P. DeSousa*
Jeffrey P. DeSousa
*Acting Solicitor General*