# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

CAIR-FOUNDATION, INC. and
CAIR-FLORIDA, INC.,

    *Plaintiffs*,

v.

                         Case No. 4:25-cv-00516-MW-MJF

RONALD DESANTIS, in his official
Capacity as Governor, State of Florida,

    *Defendant*.

_____/

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY & SUPPORTING MEMORANDUM

## MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a)(3) and N.D. Loc. R. 26.1(D), Plaintiffs CAIR-Foundation, Inc. and CAIR-Florida, Inc. hereby file their Motion to Compel Discovery, requesting this Court to compel Defendant to produce the 15 records identified in Defendant's amended privilege log because the deliberative process privilege does not preclude disclosure here. For the reasons stated in Plaintiffs' Supporting Memorandum, Plaintiffs respectfully request that this Court **GRANT** their motion.

## CERTIFICATE OF CONFERRAL

Pursuant to Fed. R. Civ. P. 37(a)(1) and N.D. Loc. R. 7.1(B), the undersigned counsel state that on May 7 and June 4, 2026 Plaintiffs' counsel met and conferred via videoconference in good faith with Defendant's counsel, as well as several times via email, in an effort to obtain the discovery that is the subject of this motion without court action.

**SUPPORTING MEMORANDUM**

**STATEMENT OF FACTS**

On December 8, 2025, Defendant Florida Governor Ronald DeSantis signed Executive Order ("E.O.") 25-244, titled "Protecting Floridians from Radical Islamic Terrorist Organizations", designating the Council on American-Islamic Relations ("CAIR") as a terrorist organization and preventing CAIR, or "any person known to have provided material support or resources" to CAIR, "from receiving any contract, employment, funds, or other benefit or privilege" from executive or cabinet agencies or from any county or municipality in Florida. [*See* Doc. 24-4]. On December 15, Plaintiffs CAIR-Foundation, Inc. ("CAIR-Foundation") and CAIR-Florida, Inc. ("CAIR-Florida") filed a complaint for declaratory and injunctive relief against Defendant. [*See* Doc. 1].

On January 16, 2026, Plaintiffs filed their First Amended Complaint, asserting claims for violations of the First and Fourteenth Amendments. [*See* Doc. 21]. On January 23, CAIR-Foundation filed a motion for a preliminary injunction to enjoin Defendant from enforcement of the E.O., arguing, among other things, that the E.O. violates the First Amendment as it coerces third parties to disassociate from CAIR-Foundation. [*See* Doc. 24].

On March 4, 2026, this Court granted CAIR-Foundation's motion based on its coercion claim. *See CAIR-Found., Inc. v. Desantis*, 2026 WL 613468, at *2 (N.D.

3

Fla. Mar. 4, 2026). On March 6, Defendant appealed from the preliminary injunction. [*See* Doc. 44]. This Court entered a scheduling order on March 13. [*See* Doc. 50].

On March 9, 2026, Plaintiffs served their First Set of Interrogatories and First Set of Request for Productions on Defendant. After an agreed extension, on April 22, Defendant served his responses to Plaintiffs' discovery requests, which raised, as relevant here, objections based on several forms of privilege to particular discovery requests, as well as a privilege log.

After several meet-and-confers and exchanges of correspondence between the parties between May 7 and June 4, 2026, Defendant served amended discovery responses on Plaintiff, [*see* **Exs. A, B**]; agreed to produce two records from the privilege log; and withdrew assertions of work-product privilege for the other items on the privilege log. However, in a June 9 email, Defendant's counsel confirmed that Defendant was standing on the deliberative process privilege for the remaining documents identified in the privilege log. Defendant also provided an amended privilege log, identifying 15 documents (Document ID 1–3, 5–16) for which he is asserting deliberative process privilege. [*See* **Ex. C**].

## **ARGUMENT**

I.   **The Records Identified in Defendant's Privilege Log Are Not Protected by the Deliberative Process Privilege & Should Be Produced**

In Defendant's amended privilege log, Defendant identified 15 records that Defendant maintains are protected by deliberative process privileges and specifically

identifies that such records were withheld in response to Plaintiffs' Interrogatories 9, 16, and 18. [*See* **Exs. A, C**]. Defendant also asserts deliberative process privilege in responses to Plaintiffs' Requests for Production 3, 6, 8-14, 16, 17, 26, and 27. [*See* **Ex. B**]. However, deliberative process privilege does not apply to these records, and they should be produced to Plaintiffs.

Two requirements must be met for the deliberative process privilege to apply. First, the material must be pre-decisional, i.e., "prepared in order to assist an agency decision maker in arriving at his decision." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). Second, it must be deliberative, "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Nadler v. U.S. Dep't of Just.*, 955 F.2d 1479, 1490–91 (11th Cir. 1992) *abrogated on unrelated grounds sub nom. U.S. Dep't of Just. v. Landano*, 508 U.S. 165, 170 (1993). Nevertheless, "[t]he deliberative process privilege is a qualified privilege and may be overcome where there is a sufficient showing of a strong need that outweighs the reasons for non-disclosure." *Kearney Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. U.S.*, 2013 WL 1966967, at *5 (M.D. Fla. May 13, 2013) (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)). This needs determination is made on a case-by-case basis balancing factors such as the relevance of the evidence, the availability of other evidence, the

seriousness of the litigation, the role of the government, and the possibility of future timidity by government employees. *See id*.

However, "the deliberative process privilege yields 'when government misconduct is the focus of the lawsuit.'" *Jones v. City of Coll. Park*, 237 F.R.D. 517, 520-21 (N.D. Ga. 2006) (quoting *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 134-35 (D.D.C. 2005)); *see also FSI Green Park S. Prop., LLC v. City of Pelham*, 2021 WL 12319530, at *3 (N.D. Ala. Oct. 1, 2021) ("[T]he protections of the privilege yield when the governmental decisionmaking process is the subject of the litigation or the purpose of the discovery request is to expose governmental malfeasance.") "The prevailing view appears to be that the government misconduct exception is simply a restatement of the principle that the deliberative process privilege does not apply when the government's intent is at issue." *Jones*, 237 F.R.D. at 521 (collecting cases); *see also Ala. Educ. Ass'n v. Bentley*, 2013 WL 124306, at *15-16 (N.D. Ala. Jan. 3, 2013), *rev'd and remanded on other grounds sub nom. In re Hubbard*, 803 F.3d 1298 (11th Cir. 2015) ("Because plaintiffs, in order to support their claim for First Amendment retaliation, must be able to explore any evidence indicating that defendants, acting through (among others) the Officials, intended to punish plaintiffs for their political speech, the governmental decision-making process in the drafting and enactment of Act No. 761 is '*the* issue' in this action.").

Additionally, certain procedural requirements are required to properly assert deliberative process privilege. *See Kearney Partners*, 2013 WL 1966967, at *4 (quoting *Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134 (Fed. Cl. 2006)). Specifically, "[f]irst, the head of the agency that has control over the requested document must assert the privilege after personal consideration." *Id*. "Alternatively, 'the head of an Agency can, when carefully undertaken, delegate authority to invoke the deliberative process privilege on the Agency's behalf.'" *Id*. (quoting *Marriott Intern. Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006)). However, "the claim of privilege cannot be invoked merely by attorneys acting on behalf of the governmental official." *Bentley*, 2013 WL 124306, at *17.

"Secondly, 'the party seeking protection 'must state with particularity what information is subject to the privilege.'" *Kearney Partners*, 2013 WL 1966967, at *4 (quoting *Walsky Const. Co. v. United States,* 20 Cl. Ct. 317, 320 (1990)). Third, "the agency must supply the court with precise and certain reasons for maintaining the confidentiality of the requested document." *Id*. (internal quotation marks omitted). "Finally, the agency must establish that certain information is privileged at the time the privilege is asserted." *Id*. (citing *Pacific Gas & Elec.,* 70 Fed. Cl. at 135). "Usually such claims must be raised by affidavit." *Bentley*, 2013 WL 124306, at *17.

A.   *Deliberative Process Privilege Does Not Apply Under the Government Misconduct Exception or, Alternatively, the Qualified Privilege is Outweighed by a Strong Need for Disclosure*

Deliberative process privilege does not apply, as Defendant's misconduct and intent are central to Plaintiffs' claims under 42 U.S.C. § 1983. Indeed, "[t]he core of a First Amendment retaliation claim, its factual heart, is the subjective motivation to retaliate." *In re Hubbard*, 803 F.3d at 1310; *see also Andrews v. Miner*, 301 F. Supp. 3d 1128, 1135 (N.D. Ala. 2017) ("[A] plaintiff must present evidence of a retaliatory animus on the part of the defendant, i.e., 'the defendant was subjectively motivated to [take action] against the plaintiff for exercising his First Amendment rights.'" (quoting *O'Bryant v. Finch*, 637 F.3d 1207, 1219 (11th Cir. 2011))). Additionally, while it is not required to establish an improper motive for content- or viewpoint-based discrimination, the Eleventh Circuit has explained that courts "may also consider whether [government action] was enacted due to an impermissible motive, i.e., the suppression of free expression." *Harbourside Place, LLC v. Town of Jupiter*, 958 F.3d 1308, 1317 (11th Cir. 2020) (citing *Reed v. Town of Gilbert*, 576 U.S. 155, 165-66 (2015); *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)).

Here, Plaintiffs allege precisely that: that Defendant acted with the impermissible subjective motivation to suppress free expression and to retaliate against Plaintiffs for exercising their First Amendment rights. [*See* Doc. 21 ¶¶ 86, 88, 96, 99, 115]. Thus, deliberative process privilege does not apply to Document ID

8

1–3 and 5–16, as Defendant's misconduct and intent are at issue. *See Jones*, 237 F.R.D. at 521; *Bentley*, 2013 WL 124306, at *15-16.

Moreover, even if this Court finds that Defendant's governmental decisionmaking process is collateral to Plaintiffs' claims, deliberative process privilege is a qualified privilege, and there is sufficiently strong need that outweighs the reasons for non-disclosure. Here, the factors weight in favor of disclosure. See *Kearney Partners*, 2013 WL 1966967, at *5 (listing factors). First, the relevance of Document ID 1–3, 5–16, which involve drafts or communications regarding the E.O., is indisputable, as one central issue here is whether Defendant enacted the EO to suppress CAIR's speech or coerce third parties to do so. Second, there are no other records documenting Defendant's efforts in formulating and enacting the E.O., as such records are in the sole possession of the Defendant. Third, the seriousness of the litigation weighs strongly in Plaintiff's favor, considering this Court has enjoined the enforcement of the E.O. as fundamentally at odds with the First Amendment. *See CAIR-Found., Inc.*, 2026 WL 613468, at *10. Fourth, the role of the government is central and not collateral here. Accordingly, because these factors weigh in Plaintiffs' favor, this Court should compel disclosure of the 15 records identified in Defendant's amended privilege log and any other records responsive to Plaintiffs' Requests for Production 3, 6, 8-14, 16, 17, 26, and 27 that come into Defendant possession, custody, or control.

Accordingly, Defendant has failed to meet his burden in establishing deliberative process privilege. Thus, this Court should compel Defendant to produce Document ID 1–3 and 5–16.

B.    *Defendant Has Not Met the Procedural Requirements to Invoke Deliberative Process Privilege*

Procedurally, Defendant has failed to satisfy the requirements to invoke deliberative process privilege. Here, Defendant has merely objected to certain discovery requests and provided an amended privilege log. [*See* **Exs. A, B, C**]. Absent from these efforts is any sworn statement from Defendant, as head of the Governor's office, or any person formally delegated authority by Defendant, that there was any personal consideration of any of the identified documents in the amended privilege log. Instead, the invocation of deliberative process privilege here is being advanced "merely by attorneys acting on behalf of the governmental official." *Bentley*, 2013 WL 124306, at *17. And while the amended privilege log specifically identifies the documents, Defendant has also failed to proffer, in a sworn statement "precise and certain reasons for maintaining the confidentiality of the requested document," *Kearney Partners*, 2013 WL 1966967, at *4, beyond the cursory assertion of the label deliberative process label in his amended privilege log, [*see* **Ex. C**]. Accordingly, Defendant has failed to meet the most basic procedural requirements for asserting deliberative process privilege.

Accordingly, Defendant has failed to meet the procedural requirements in asserting deliberative process privilege.  Accordingly, this weighs in favor of this Court compelling Defendant to produce Document ID 1–3 and 5–16.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court **GRANT** Plaintiffs' motion.

DATE: June 23, 2026            Respectfully submitted,

*/s/Shereef H. Akeel*

Shereef H. Akeel
MI Bar No. P54345
Admitted *pro hac vice*
shereef@akeelvalentine.com
Samuel Simkins
MI Bar No. P81210
Admitted *pro hac vice*
sam@akeelvalentine.com
AKEEL & VALENTINE, PLC
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595

ARTHUR AGO
AARON FLEISHER
SCOTT D. MCCOY

**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave
Montgomery, AL 31604
(786) 347-2056
scott.mccoy@splcenter.org

11

## CERTIFICATE OF WORD COUNT

Pursuant to N.D. Fla. Loc. R. 7.1(F), the undersigned hereby certifies that this memorandum contains 1,898 words, inclusive of headings, footnotes, and quotations, according to word-processing system used to prepare the memorandum.


DATE: June 23, 2026                    */s/Shereef H. Akeel*