# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CAIR-FOUNDATION, INC., and,
CAIR-FLORIDA, INC.,**

     Plaintiffs,

v.

**RONALD DESANTIS**, in his official
capacity as Governor of the State of Florida.

     Defendant.

_____/

Case No. 4:25-cv-
00516-MW-MJF

**<u>DEFENDANT'S FIRST AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST SET OF
INTERROGATORIES</u>**

Defendant, by and through his attorneys, responds to the First

Interrogatory for Production of Documents ("Interrogatory") propounded

by Plaintiffs. These objections and responses are based on information

currently available to Defendant. In the event Defendant becomes aware

of additional responsive information, or for any other reason, Defendant

reserves the right to supplement these objections and responses:

**<u>OBJECTIONS</u>**

1.    Defendant objects to any Interrogatory to the extent that it

calls for information without a temporal limitation and is therefore

overbroad. Defendant will therefore limit their responses to information generated up to two years prior to the issuance of the Executive Order at issue unless otherwise indicated.

2. Defendant objects to the definition of "Concerning" to the extent that such term is overbroad or would require unduly burdensome responses.

3. Defendant objects to the definition of "Identify" to the extent that it implies that Defendants have an obligation to supplementally describe any documents, information, or material beyond producing them as it is ordinarily maintained or in a reasonable usable form. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii).

**RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Subject to the Objections, Defendant responds to Plaintiffs' specific Interrogatories as follows:

**1.      Identify all persons with information or knowledge concerning the facts alleged in the complaint or concerning your defenses.**

2

RESPONSE: Defendant has disclosed the relevant individuals in its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

Defendant hereby supplements the response with the following list of names:

1. Christopher Kimball, Senior Deputy General Counsel, EOG.
2. Hannah DuShane, Asst. General Counsel, EOG.
3. Ryan Newman, fmr. General Counsel, EOG.
4. David Binder, Deputy Commissioner / Homeland Security Advisor, FDLE.
5. Austin Boam, Deputy Director of Policy.
6. Molly Best, Press Secretary, EOG.

**2.    Describe the governmental interests that the Executive Order serves and for each interest explain how the Executive Order achieves those interests.**

RESPONSE: Defendant responds that the Executive Order serves to divert state benefits and resources from terrorist organizations for the health, safety, and welfare of Floridians.  After all, material support toward a terrorist organization—whether from the state or third parties—allows said terrorist organizations to devote more attention toward extremism. *Holder v. Humanitarian L. Project*, 561 U.S. 1, 36 (2010).  Thus, keeping state resources from terrorist organizations and

discouraging third parties from providing material support to terrorist organizations furthers the health, safety, and welfare of Floridians. Moreover, the EO serves an interest in protecting Floridians from being deceived into unwittingly supporting terrorist organizations in that such organizations typically solicit funds in a deceptive manner. This EO deters Floridians from falling prey to that deception.

**3.    Identify all communications between you and any third party about Plaintiffs or the subject matter of Executive Order 25-244, including communications occurring before or after the issuance of the Executive Order. For each communication, state:**

**a. the date of the communication;**

**b. the participants;**

**c. the form of communication (e.g., meeting, phone call, email, text message);**

**d. the substance of the communication;**

**e. any documents or electronically stored information reflecting the communication.**

**For each third party identified, state the person's name, employer, and title, if known.**

4

RESPONSE: Defendant has provided responsive documents in the form of Bates numbers 00008-00029 and 00040-00041. These contain all the known responsive documents in the possession or control of Defendant. There is no more information in the possession or control of the Defendant as related to this interrogatory.

**4.      Identify all public or official statements made by you or anyone acting on your behalf concerning Plaintiffs, Islam, Muslims, or Executive Order 25-244, including statements made in press releases, social media posts, interviews, speeches, or public appearances.**

RESPONSE: Defendant has provided responsive documents in Bates numbers 00008-00029. These contain all the known responsive documents in the possession or control of Defendant. There is no more information in the possession or control of the Defendant as related to this request.

**5.      Identify all notice provided to Plaintiffs concerning the Executive Order and all opportunities provided to Plaintiffs to contest or challenge the Executive Order's designation, both before and after it took effect.  If you contend that any procedure exists under Florida law or policy through which Plaintiffs could challenge the designation, identify that procedure and describe how it may be invoked.**

RESPONSE: Defendant objects to this Interrogatory as compound, as it should be at least two separate interrogatories, regarding notice and

5

opportunity, and regarding any potential procedure for challenging the designation.

Defendant further objects to this Interrogatory, to the extent that it calls for legal conclusions to the extent that it requires Defendant to identify particular legal procedure capable of challenging the designation, as well as to describe it.

Notwithstanding said objections, Defendant responds that no pre-designation notice was given to Plaintiffs, but post-designation notice was given through the issuance of the EO.

**6.      Identify each immunity, defense, or doctrine that you contend bars or limits Plaintiffs' claims, including but not limited to any immunity referenced in Defendant's Answer (Doc. 36). For each immunity or defense identified, state the factual and legal basis supporting it. See Defendant's Answer and Defenses, Doc. 36 at 29.**

RESPONSE: Defendant objects to this Interrogatory as premature to the extent it seeks information still being uncovered in discovery and improperly requires Defendants to muster all evidence at this early stage in the litigation. Defendant further objects to this Interrogatory as seeking legal conclusions.

6

**7.    Identify all people who participated in researching, drafting, preparing, reviewing, approving, or promulgating the Executive Order. For each individual identified, state:**

**a. their title or position;**

**b. their role in the process; and,**

**c. any documents or materials they prepared or reviewed in connection with the Executive Order.**

RESPONSE: Defendant has provided responsive documents in Bates numbers 00030-00033, but in the interest of clarity, provides the following list of individuals:

- · Christopher Kimball (Senior Deputy General Counsel, EOG)

- · Hannah Dushane (Asst. General Counsel, EOG)

- · Ryan Newman (fmr. General Counsel, EOG)

- · Jay Arnold (Deputy Chief of Staff to Governor DeSantis)

- · Rochelle Kemple (Office Manager, EOG)

- · Governor Ron DeSantis

**8.    Identify each constitutional provision, statute, regulation, executive order, or other legal authority that you contend authorized you to designate CAIR as a terrorist organization in Executive Order 25-244. For each authority identified, explain how that authority permits the Governor to designate a domestic nonprofit organization as a terrorist**

7

**organization and to impose the consequences described in the Executive Order.**

RESPONSE: Defendant objects to this Interrogatory inasmuch as it seeks legal conclusions. Subject to this objection, Defendant responds that sections 321.05, 775.33, 874.03, 943.0311, & 943.0313, Florida Statutes, in conjunction—and not exhaustively—give Defendant authority to designate terrorist organizations.  Further authority includes, but is not limited to, the Florida Constitution, Article IV, Section 1, and the United States Constitution, Amendment X.

**9.    Identify all criteria, standards, guidelines, or factors used to determine whether an organization qualifies as a terrorist organization under Executive Order 25-244. For each criterion, standard, guideline, or factor identified, state:**

**a. when it was adopted;**

**b. who adopted or approved it;**

**c. any written document reflecting that criterion, standard, guideline, or factor; and,**

**d. whether it was applied to any organization other than Plaintiffs.**

RESPONSE: All responsive information and documents related to this interrogatory and possessed or controlled by Defendant were

8

withheld as privileged and documented in Defendant's privilege log at entries 1-7 and 9.

**10. Identify each specific factual allegation that you contend establishes that Plaintiffs qualify as a "terrorist organization" under the definition referenced in the Executive Order, and for each allegation identify the document, source, and individual who provided the information.**

RESPONSE: Defendant objects to this Interrogatory to the extent that it is premature as it seeks information still being uncovered in discovery and improperly requires Defendants to muster all evidence at this early stage in the litigation. Defendant further objects to this Interrogatory in as far as it seeks legal conclusions.

Subject to these objections, Defendant responds that Plaintiffs qualify as terrorist organizations under the Executive Order because of their documented ties to terrorist organizations, including, but not limited to, the Muslim Brotherhood, the Holy Land Foundation, and HAMAS. Defendant traced Plaintiffs' origins back to the Palestine Committee—an organization affiliated with the Muslim Brotherhood and created to support HAMAS in the United States. Defendant recognized that CAIR is an unindicted co-conspirator in *United States v. Holy Land Found. for Relief & Dev.*, No. 3:04-cv-240, 2009 WL 10680203 (N.D. Tex.

9

July 1, 2009).   And Defendant took notice of publicly available information, such as, but not limited to:

1. Lorenzo Vidino, The Hamas Network in America: A Short History 14 (2023)

2. Nihad Awad, *Muslim-Americans in Mainstream America*, The Link (Feb.–March 2000) ("Omar suggested to me that we leave the IAP . . . . He proposed that I move to Washington, D.C., where any effective national effort would have to be based, while he tried to raise the seed money for the project."), https://ameu.org/wp-content/uploads/2022/11/vol33_issue1_2000.pdf

3. *United States v. El-Mezain*, 664 F.3d 467, 530–31 (5th Cir. 2011), *as revised* (Dec. 27, 2011) (describing Ahmad's wiretapped statements).

4. Jason Trahan, *Witness links charity, jihad: Holy Land prosecution expert's credibility questioned by defense*, Dallas Morning News, July 26, 2007, 2007 WLNR 14329176.

5. Jason Trahan, *Judge due to rule on Holy Land defense challenge*, Dallas Morning News, Oct. 14, 2008, 2008 WLNR 19527769.

6. *UAE Includes 2 US Muslim Groups on Terror List*, Voice of America (Nov. 17, 2014), https://www.voanews.com/a/uae-terror-list-us-muslim-groups/2523980.html.

**11.   Identify all discussions, communications, or analyses in which the possibility of obtaining information about Plaintiffs through litigation or discovery was discussed in connection with the decision to issue the Executive Order.**

RESPONSE: Defendant responds that it is not aware of any non-privileged information responsive to this Interrogatory.

**12.   Identify all discussions, communications, or analyses concerning Plaintiffs' advocacy regarding Palestine, Israel, Students for Justice in Palestine, or House Bill 119 that were considered in connection with the decision to issue the Executive Order.**

RESPONSE: Defendant is not aware of any discussions, communications, or analyses that exist related to this interrogatory.

**13.   Identify each act or instance of conduct by Plaintiffs, or by any past or present leader, employee, or affiliate of Plaintiffs, that you contend "motivated the decision to designate CAIR as a terrorist organization for the purposes of" the Executive Order, as referenced in Jay K. Arnold Jr.'s declaration, Doc. 37-1, ¶ 8. For each act or instance of conduct identified, state:**

**a. the individual(s) involved;**

**b. the date or approximate date of the conduct;**

11

**c. the source of the information; and**

**d. whether you contend the conduct involved criminal activity, and if so, identify the alleged offense and jurisdiction.**

RESPONSE: Items responsive to this interrogatory have been listed in Defendant's privilege log that was provided to Plaintiff. Defendant has produced an additional document (written material), photocopied from its original form, on May 29, 2026.

**14.   Identify all communications between you and others about CAIR- Florida's request to reserve space in the Florida Capitol for the 2026 Muslim Day event, including the date, participants, and substance of the communications.**

RESPONSE: Defendant produced all DMS documentation in its native format. Defendant is unaware of any further responsive documents or information for this interrogatory in its possession or control. Those documents are identified by native-format bates numbers 48–50, 51–57, 58–69.

**15.   Identify all communications between you or anyone in the Executive Office of the Governor and any official or employee of another state government concerning Plaintiffs or the**

designation of Plaintiffs as a terrorist organization. For each communication, state:

a. the date of the communication;

b. the participants;

c. the state government involved; and,

d. the substance of the communication.

RESPONSE: Defendant believes that no such documents exist in Defendant's possession or the possession of personnel controlled by Defendant.

16.   Identify all plans, policies, or discussions concerning how Executive Order 25-244 would be implemented or enforced against Plaintiffs or against individuals or entities alleged to provide "material support" to Plaintiffs.

RESPONSE: All responsive information and documents related to this interrogatory possessed or controlled by Defendant were withheld as privileged and documented in Defendant's privilege log at entries 8, 13, and 14.

17.   Identify all individuals or entities that you are aware have been advised, warned, or encouraged by any state official to avoid associating with Plaintiffs as a result of Executive Order 25-244.

13

RESPONSE: Defendant is unaware of information responsive to this interrogatory as related to those under this control with the exception of DMS documentation. Defendant produced all DMS documentation in its native format. Defendant is unaware of any further responsive documents or information for this interrogatory in its possession or control. Those documents are identified by native-format bates numbers 48–50, 51–57, 58–69.

**18.    Identify all communications between you or anyone in the Executive Office of the Governor and any Florida state agency, the Florida Attorney General's Office, or any county or municipal government concerning Plaintiffs or Executive Order 25-244.**

RESPONSE: All responsive information and documents related to this interrogatory and possessed or controlled by Defendant were withheld as privileged and documented in Defendant's privilege log at entries 13 and 14. These entries constitute all known pre-suit communications in Defendant's possession or control.

Defendant claims an on-going attorney-client privilege between Defendant and the Florida Attorney General's Office, particularly regarding any communications made during the current litigation.

14

Dated: May 29, 2026

Respectfully submitted,

JAMES UTHMEIER
 *Attorney General*

RYAN D. NEWMAN
 *Chief Deputy Attorney General*

DAVID M.S. DEWHIRST
 *Solicitor General*

/s/ Tyler E. Gustafson
JEFFREY PAUL DESOUSA (FBN
 110951)
JASON J. MUEHLHOFF
 *Chief Deputy Solicitors General*
TYLER E. GUSTAFSON (FBN
 1049292)
 *Assistant Solicitor General*
CASEY J. WITTE (FBN 1070288)
 *Solicitor General Fellow*
COLEMAN BATSON (FBN
 110018)
 *Special Counsel*
OFFICE OF THE ATTORNEY
 GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*jeffrey.desousa@myfloridalegal.com*
*jenna.hodges@myfloridalegal.com*

*Counsel for Governor DeSantis*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2026, I served the foregoing Responses and Objections to Plaintiffs' First Interrogatory for the Production of Documents via electronic mail to the following:

/s/ Tyler E. Gustafson
Attorney