# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CAIR-FOUNDATION, INC., and,
CAIR-FLORIDA, INC.,**

      Plaintiffs,

v.                                                                    Case No. 4:25-cv-
                                           00516-MW-MJF

**RONALD DESANTIS**, in his official
capacity as Governor of the State of Florida.

      Defendant.

_____/

**DEFENDANT'S FIRST AMENDED RESPONSES AND
OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR
PRODUCTION**

Defendant, by and through his attorneys, responds to the First Request for Production of Documents ("Request") propounded by Plaintiffs. These objections and responses are based on information currently available to Defendant. In the event Defendant becomes aware of additional responsive documents, Defendant reserves the right to supplement these objections and responses:

**OBJECTIONS AND EXPLANATIONS**

1.     Defendant objects to the extent any request seeks the production of documents, information, or material protected by the

attorney-client privilege, work-product doctrine, legislative privilege, deliberative-process privilege, or any other applicable privilege doctrine or immunity. *See, e.g., Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992); *United States v. Nobles*, 422 U.S. 225, 237–38 (1975); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975); *United Affiliates Corp. v. United States*, 154 Fed. Cl. 335, 343–345 (Fed. Cl. 2021).

2.     Defendant objects to any Request that is overbroad because it calls for the production of documents, information, or material without a temporal limitation.  Defendant will therefore limit their review and production to documents created during the time period, beginning two years prior to the issuance of the Executive Order at issue, to the commencement of this litigation unless otherwise indicated.

3.     Defendant objects to the definition of "Concerning" to the extent that such term is overbroad or would require unduly burdensome production.

4.     Defendant objects to the definition of "Identify" to the extent that it implies that Defendants have an obligation to supplementally describe any documents, information, or material beyond producing them

2

as it is ordinarily maintained or in a reasonable usable form. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii).

5.      Defendant objects to the definitions of "you" and "your" to the extent that those terms reference non-parties to the suit or any person or entity not within Defendant's control.

6.      Defendant objects to Instruction No. 1, to the extent that it implies that "practical ability" does not require "some legal right of control over the information possessed" through "some legal or contractual relationship." *Culliver v. BP Expl. & Prod., Inc.*, No. 3:21CV4942-MCR-HTC, 2022 WL 19568968, at *3 (N.D. Fla. Oct. 13, 2022). Additionally, Defendant objects to Instruction No. 1, to the extent that it implies that Defendant has possession, custody, or control of its employee's documents located on their personal devices which are not in the course of conducting official state business. *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2020 WL 13561760, at *3 (N.D. Ga. Apr. 1, 2020). Finally, Defendant objects to Instruction No. 1, to the extent that it implies that, should there be documents on the personal devices of employees in the course of employees conducting official state business, Defendant has any obligation "to extract and review all" data

3

on employee's personal devices rather than relying on the employee to search and produce responsive information. *Matter of Skanska USA Civ. Se. Inc.*, No. 3:20-CV-05980-LC/HTC, 2021 WL 4953239, at *4 (N.D. Fla. Aug. 5, 2021).

7.    Defendant objects to Instruction No. 6 because, at minimum, several of the requests cannot possibly be answered as they refer to events that have yet to happen. *See e.g.*, RFP Nos. 32, 33, 34, 36 (relating to experts that have not been designated yet); 37 (relating to subpoenas that have not been issued yet); 38 (relating to depositions that have not occurred yet). Defendant will produce documents on a reasonable rolling basis.

8.    Defendant objects to Instruction No. 8 to the extent that it appears to require compliance with a local rule that is not applicable in the Northern District of Florida.

9.    Defendant objects to Instructions Nos. 9 and 10, to the extent that they seek to impose any discovery obligation on Defendant not required by the Federal Rules of Civil Procedure, the Local Rules, or the court.

10. Unless otherwise stated, Defendant particularly objects to each RFP as outlined in each respective RFP. Furthermore, all RFPs for which there is responsive information have been marked as such. Unless so marked, no documents are currently in the possession of Defendant.

### RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

Subject to the Objections and incorporating each such objection in the responses that follow, Defendant responds to Plaintiffs' specific document requests as follows:

**1. All Documents, ESI, or tangible things that were reviewed or relied on when drafting the Executive Order.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects that "reviewed or relied" is vague and overbroad as the request does not limit the person(s) who might have "reviewed or relied" on documents to Defendant nor does the request specify at how many degrees of removal the review or reliance must be. Defendant further objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

5

**2.    All documents, ESI, or tangible things that support the "Whereas" clauses in the Executive Order pertaining to Plaintiffs.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production,  Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.  Defendant further objects that this request is duplicative of request No. 1. Defendant further objects that "support" is vague and overbroad. For instance, the request does not specify whether these documents were factual predicates actually used in the creation of the "Whereas" clauses, or to what type or degree of "support" it refers.

**3.    All drafts of the Executive Order, including any prior versions, redlines, or proposed alternatives.**

RESPONSE: Defendant objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by

6

disclosure.  Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts, would chill the candid deliberative process.

Therefore, Defendant will not produce documents, information, or materials in response to this request.

**4.      All documents, ESI, or tangible things that support the designation that Plaintiffs are terrorist organizations.**

RESPONSE: Defendant has produced documents responsive to this request.

**5.      All documents, ESI, or tangible things that show that Plaintiffs engaged in criminal activities in the past five years.**

RESPONSE: Defendant has produced documents responsive to this request.

**6.      All non-privileged documents, ESI, or tangible things reflecting the legal analysis or basis for the Executive Order, including any memoranda, legal opinions, or attorney communications not protected by privilege.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant further objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are

7

pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure.  Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

**7.    All documents, ESI, or tangible things reflecting the criteria used to designate Plaintiffs as terrorist organizations.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**8.    All documents, ESI, or tangible things reflecting your interpretation of the statutes or regulations under which the Executive Order was issued, including any guidance documents, agency manuals, or interpretive rules.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to providing any draft (or deliberative) materials as falling within the work-product

8

privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure.  Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

Furthermore, "guidance documents, agency manuals, or interpretive rules," to the extent that they exist, are publicly available and therefore as accessible to Plaintiffs as it is to Defendant.

To the extent that this request calls for legal conclusions, Defendant will not produce its conclusions of law that are left for merits briefing.

**9.    All documents, ESI, or tangible things reflecting any factual investigation conducted by you or any Executive Office of the Governor personnel concerning Plaintiffs prior to the issuance of the Executive Order.**

RESPONSE: Defendant objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and

9

deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

Defendant also objects to this request on the grounds that it is overly broad and vague as related to "any factual investigation," because that phrase does not clearly define whether it extends beyond criminal investigations or investigations otherwise involving law enforcement or formal proceedings.

Defendant further objects to the extent that this request requires the disclosure of any documents, information, or materials protected by the investigative-techniques privilege. *See United States v. Van Horn*, 789 F.2d 1492, 1507 (11th Cir. 1986). Any need for investigative techniques is outweighed by the state's interest in keeping investigations private.

**10.    All documents, ESI, or tangible things reflecting the decision-making process leading to the designation of Plaintiffs**

**as terrorist organizations, including communications identifying or discussing whether Plaintiffs should be designated.**

RESPONSE: Defendant objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

Therefore, Defendant will not produce any information regarding this request.

**11. Any documents, ESI, or tangible things reflecting the date on which any materials concerning Plaintiffs were first obtained, reviewed, or relied upon in connection with drafting the Executive Order.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant. Defendant

11

further objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure.  Any drafts are irrelevant as the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

**12.   All documents, ESI, or tangible things reflecting communications between you and any academic institution, think tank, research institute, lobbyist, or outside expert concerning Plaintiffs or the Executive Order.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and

12

any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are subject to attorney-client privilege and work-product privilege.

Defendant also objects to this request as premature to the extent "outside experts," includes experts for this litigation because the Court-set deadline for disclosure of expert witnesses has not yet passed. Additionally, Defendant objects to this request to the extent that "outside experts" include experts for this litigation, as communications with experts for this litigation would be privileged. Fed. R. Civ. P. 26(b)(4).

**13. All documents identifying the individuals who participated in the decision to designate Plaintiffs as terrorist organizations.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to the vague and overly broad nature of the phrase "participated in." For purposes of Defendant's good faith, reasonable search in finding responsive documents, if any and subject to all objections mentioned herein, Defendant shall construe "participated in" to mean those persons who drafted the EO, or received drafts of the EO prior to its final issuance.

**14. Any documents, ESI, or tangible things reflecting preparation for public statements, press releases, or social media posts concerning Plaintiffs or the Executive Order.**

RESPONSE: Defendant has produced documents responsive to this request.

14

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative or preparative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Defendant further objects that "preparation" is vague and overbroad, in part because there is no limit to how remote the preparation may be. For instance, general research that is not tied to the EO could be considered preparation. For purposes of Defendant's good faith, reasonable search in finding responsive documents, if any and subject to all objections mentioned herein, Defendant shall construe "preparation" to mean drafts and comments to such drafts.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

15

**15. All documents, ESI, or tangible things reflecting guidance, instructions, directives, or communications after December 8, 2025 between the Executive Office of the Governor and any Florida state agency, the Florida Attorney General's Office, or any county or municipal government concerning Plaintiffs, the Executive Order, or the implementation, interpretation, or enforcement of the Executive Order.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing."

Defendant has produced documents responsive to this request in Bates Numbers:

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**16. All documents, ESI, or tangible things reflecting communications between the Executive Office of the Governor and officials from any other state government concerning Plaintiffs or the Executive Order.**

16

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the terms "reflecting" and "concerning" as terms that are overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe these aforementioned terms to mean "containing" and "discussing," respectively.

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative or preparative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

17

**17. All documents, ESI, or tangible things reflecting communications between the Executive Office of the Governor and any federal official, including any Member of Congress, congressional staff member, or federal agency, concerning Plaintiffs or the Executive Order.**

RESPONSE: Defendant objects to the terms "reflecting" and "concerning" as terms that are overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe these aforementioned terms to mean "containing" and "discussing," respectively.

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative or preparative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

18

Defendant also objects to this request to the extent that it would require Defendant to produce any documents, information or material that may implicate legislative privilege without first giving an opportunity to the relevant legislator or official to assert the legislative privilege.

**18. All documents, ESI, or tangible things reflecting communications with any individual, organization, nonprofit entity, business, or government entity concerning whether they should avoid associating, partnering, contracting, or otherwise engaging with Plaintiffs.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the terms "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe reflecting to mean "containing."

Defendant objects to this request because it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**19. All documents, ESI, or tangible things reflecting discussions about organizations, businesses, or individuals that associate or partner with Plaintiffs.**

19

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the term "reflecting," "associate," and "partner" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe "reflecting" to mean "containing" and "associate" or "partner" as providing "material support to."

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**20. All documents, ESI, or tangible things reflecting investigations, inquiries, or monitoring of organizations alleged to have provided "material support" to Plaintiffs.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing."

20

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to the extent this request's reference to "investigations, inquiries, or monitoring of organizations" (collectively "investigative techniques") calls for documents, information, or materials protected by the investigative-techniques privilege. *See United States v. Van Horn,* 789 F.2d 1492, 1507 (11th Cir. 1986). Any need for investigative techniques is outweighed by the state's interest in keeping investigations private.

Defendant further objects on the basis that this request is vague because the EO does not allege that any particular organizations have provided material support.

**21. All documents, ESI, or tangible things reflecting communications concerning the South Florida Muslim Federation, the City of Coral Springs, or the Federation's conference referenced in the Supplemental Declaration of Manal Fakhoury.**

RESPONSE: Defendant has produced documents responsive to this request.

21

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant also objects to this request to the extent that it calls for the documents, information and materials that are available to Plaintiffs because Plaintiffs possess, have custody or control those communications. Defendant further objects to this request as outside of the scope of discovery as it relates to statements made by a third-party, unrelated to this suit—the Attorney General.

Defendant also objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing." Defendant further objects that "concerning the South Florida Muslim Federation, the City of Coral Springs, or the Federation's conference referenced in the Supplemental Declaration of Manal Fakhoury," is overly broad. For instance, searching for any reference to the City of Coral Springs may result in a plethora of documents, information and materials related to the City of Coral Springs generally, that are not germane in any sense to the litigation.

22

**22. All documents, ESI, or tangible things reflecting discussions about the impact of the Executive Order on organizations, businesses, or individuals that interact or partner with Plaintiffs.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing." Defendant also objects to the term "impact" as overly broad and vague. For purposes of this request, Defendant shall construe "impact" as financial impact.

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**23. All documents, ESI, or tangible things reflecting CAIR-Florida's request to reserve space in the Florida Capitol for the 2026 Muslim Day event.**

RESPONSE: Defendant has produced documents responsive to this request.

23

Notwithstanding that production, Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "discussing." Defendant also objects to this request to the extent that it calls for the documents, information and materials that are available to Plaintiffs because Plaintiffs possess, have custody or control those communications

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**24.    All documents, ESI, or tangible things reflecting non-privileged communications discussing Plaintiffs' litigation against Defendant, including but not limited to *Students for Justice in Palestine at the University of South Florida v. DeSantis*, No. 1:23-cv-00281 (N.D. Fla. 2023).**

RESPONSE: Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing." Defendant also objects to this request for its request for publicly available information that is accessible by the Plaintiffs without discovery.

24

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

**25. All documents, ESI, or tangible things reflecting discussions about Plaintiffs' advocacy concerning Palestine, Israel, or Students for Justice in Palestine.**

RESPONSE: Defendant objects to the terms "reflecting" and "advocacy concerning" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe these aforementioned terms to mean "containing" and "public statements about," respectively. Defendant also objects to this request for its request for publicly available information that is accessible by the Plaintiffs without discovery or to the extent that this Requests calls for items already within Plaintiff's care, custody or control.

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

25

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

**26. All documents, ESI, or tangible things reflecting communications between you and any member of the Florida Legislature concerning Plaintiffs or the Executive Order.**

RESPONSE: Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing."

Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative or preparative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to this request to the extent that it would require Defendant to produce any documents, information or material that may implicate legislative privilege without first giving an opportunity to the relevant legislator or official to assert the legislative privilege.

**27. All documents, ESI, or tangible things reflecting communications with political advisors, campaign staff, or communications staff concerning Plaintiffs or the Executive Order.**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to providing any draft (or deliberative or preparative) materials as falling within the work-product privilege and deliberative process privilege as such drafts are pre-decisional and deliberative and any evidentiary need is outweighed by harm posed by disclosure. Any drafts are irrelevant as to the operative EO issued, and disclosure of drafts would chill the candid deliberative process.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

27

Defendant also objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing."

**28. All documents, ESI, or tangible things reflecting discussions about using litigation or discovery to obtain information about Plaintiffs' finances or internal operations.**

RESPONSE: Defendant objects to the term "reflecting" as overly broad and vague. For purposes of Defendant's reasonable search, Defendant shall construe this aforementioned term to mean "containing." Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege, particularly and specifically any items that were created for the sole purpose of litigation.

**29. For each individual disclosed by any party under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure as likely to have discoverable information that the disclosing party may use to support its claims or defenses, produce all documents, ESI, and tangible things exchanged with that individual concerning the subject matter of that discoverable information. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).**

28

RESPONSE: Defendant produced this information in Interrogatory 7 and incorporates that response by reference here.

**30.    All documents, ESI, and tangible things that you may use to support your defenses.** *See* **Fed. R. Civ. P. 26(a)(1)(A)(ii).**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant. Defendant also objects to this request as vague, overly broad, and premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that "may use" refers to a future hypothetical state.  Subject to Defendant's General Objections and without waiving these objections, Defendant, will produce, non-privileged, responsive documents that it uses to support Defendant's defenses.

**31.    All documents, ESI, and tangible things that you intend to use as evidence or to assist in the presentation of evidence at any trial, hearing, or proceeding in this case.**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

29

Defendant also objects to this request as vague, overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks "documents, ESI, and tangible things" that Defendant "intend[s] to use as evidence or to assist in the presentation of evidence at any trial, hearing, or proceeding in this case."

**32.    All publications authored in the previous 10 years by each expert witness you disclose under Rule 26(a)(2) of the Federal Rules of Civil Procedure.** *See* **Fed. R. Civ. P. 26(a)(2)(B)(iv).**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks materials from experts for which Defendant is not yet obligated to disclose. Defendant further objects that any such publications would be publicly available to Plaintiffs. Defendant also objects to the extent that this request seeks to impose an obligation on Defendant beyond those required by Federal

30

Rule of Civil Procedure 26(a)(2)(B)(iv), because that rule only requires a "list of all publications authored in the previous 10 years" while this request seeks the publications themselves.

**33.    All expert reports prepared and signed during the previous four years by each expert witness you disclose under Rule 26(a)(2) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(B)(v).**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks materials from experts for which Defendant is not yet obligated to disclose.  Defendant also objects to the extent that this request seeks to impose an obligation on Defendant beyond those required by Federal Rule of Civil Procedure 26(a)(2)(B)(v), because that rule only requires a "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" while this request seeks all expert reports prepared and signed by Defendant's designated experts.  Defendant further objects

31

that to the extent the request is seeking expert reports submitted for litigation, some of those reports may be sealed or otherwise subject to confidentiality obligations.

**34. All transcripts, audio recordings, and audiovisual recordings of expert testimony at trial or deposition during the previous four years by each expert witness you disclose under Rule 26(a)(2) of the Federal Rules of Civil Procedure.** *See* **Fed. R. Civ. P. 26(a)(2)(B)(v).**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks materials from experts for which Defendant is not yet obligated to disclose. Defendant also objects to the extent that this request seeks to impose an obligation on Defendant beyond those required by Federal Rule of Civil Procedure 26(a)(2)(B)(v), because that rule only requires a "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" while this request seeks all transcripts, audio recordings, and audiovisual recordings of expert testimony at trial or

32

deposition by Defendant's designated experts.  Defendant further objects that to the extent the request is seeking depositions and trial testimony, some of that testimony may be sealed or otherwise subject to confidentiality obligations.  Defendant further objects that its potential experts may not have possession, custody or control of transcripts, audio recordings, and audiovisual recordings of their testimony.

**35.    All statements about this action or its subject matter, as defined by Rule 26(b)(3)(C) of the Federal Rules of Civil Procedure, by:**

> **a.    Each Plaintiff;**
>
> **b.    you, excluding privileged communications with your attorneys (or their agents) in this case;**
>
> **c.    each individual disclosed by any party under Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure as likely to have discoverable information that the disclosing party may use to support its claims or defenses;**
>
> **d.    each nonparty that has been deposed in this case or whose deposition has been noticed; or**
>
> **e.    each expert witness disclosed by any party in this case under Rule 26(a)(2) of the Federal Rules of Civil Procedure, excluding communications between your attorneys (or their agents) and each expert witness you disclose Rule 26(a)(2) of the Federal Rules of Civil Procedure.**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to the extent that this request seeks to impose an obligation on Defendant in excess of Federal Rule of Civil Procedure 26(b)(3)(C).  That rule permits any person to request their "own previous statement about the action or its subject matter." Plaintiffs therefore have the right under that rule to request its own statements from Defendant if Defendant possesses the statement. Federal Rule of Civil Procedure 26(b)(3)(C) does not purport to allow Plaintiffs to request the statements of *someone else* including Defendant, individuals disclosed under Rule 26(a)(1)(A)(i) that are not Plaintiffs, "nonpart[ies] that [have] been deposed in this case or whose deposition has been noticed," or expert witnesses.  To the extent that this request is seeking any statements made about "this action or its subject matter," by Plaintiffs, Defendant, individuals disclosed under Rule 26(a)(1)(A)(i), "nonpart[ies] that [have] been deposed in this case or whose deposition

34

has been noticed," or expert witnesses, that is (1) overbroad, (2) not in the possession, custody or control of Defendant, or (3) in the case of individuals not yet designated or noticed, premature.

**36.   All communications between your attorneys (or their agents) and each expert witness you disclose under Rule 26(a)(2) of the Federal Rules of Civil Procedure (i) that relate to compensation for the expert's study or testimony, (ii) that identify facts or data that your attorneys (or their agents) provided and that the expert considered in forming the opinions to be expressed, or (iii) that identify assumptions that your attorneys (or their agents) provided and that the expert relied on in forming the opinions to be expressed. *See* Fed. R. Civ. P. 26(b)(4)(C).**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege. Federal Rule 26(b)(4) also protects drafts "of any report or disclosure," "regardless of the form in which the draft is recorded," and "communications between the party's attorney and any witness required to provide a report," "regardless of the form of the communications."

35

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks materials relating to experts for which Defendant is not yet obligated to disclose. Defendant also objects to the extent that this request seeks to impose an obligation on Defendant beyond those required by Federal Rule of Civil Procedure 26(b)(4)(C). Defendants further object that this request is overly burdensome and not proportional to the needs of the case, to the extent it seeks "[a]ll communications" containing information subject to Federal of Civil Procedure 26(b)(4)(C). Those communications are likely to appear on documents that contain information and material subject to attorney client and work product privilege, and would require extensive review and redaction and be at any rate highly fragmentary and duplicative, which could easily be avoided if Plaintiffs, as is customary in expert discovery, seeks that information from the expert in deposition instead.

**37. All documents, ESI, and tangible things that you requested and received from any nonparty in the course of defending against this case, including but not limited to by subpoena under Rule 45 of the Federal Rules of Civil Procedure, and all communications with that nonparty (or its agents) concerning the request for and production of those documents, ESI, and tangible things.**

36

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

**38.    All communications with each nonparty (or its agents) that has been deposed in this case or whose deposition has been noticed and that concern that non-party's deposition.**

RESPONSE: Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to the extent that the request is seeking communications with a nonparty that relate to the contents of the nonparty's deposition rather than communications about the occurrence of the deposition itself, to the extent that the former communications could be protected by attorney client privilege, work product privilege, or any other applicable privilege.  Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation to the extent that it seeks materials related to witnesses and depositions that may occur

37

during the pendency of this case, which will be disclosed according to the

Federal Rules of Civil Procedure.

**39.  All documents, ESI, and tangible things concerning your preservation or destruction of documents, ESI, or tangible things for, or in anticipation of, this case, including but not limited to:**

> **a.  your policies, procedures, and guidelines, governing destruction generally;**

> **b.  your policies, procedures, and guidelines governing preservation for litigation generally; and**

> **c.  all litigation holds related to this case.**

RESPONSE: Memoranda, legal opinions, and attorney opinions are

protected by attorney-client privilege and work-product privilege.

**40.  All common interest, joint defense, and co-client agreements between you (or your agents) and any other party (or its agents) in and for this case.**

RESPONSE: Defendant objects to the extent this request seeks the

production of documents, information, or materials with a governmental

official, employee, or agent after commencement of this litigation for

whom communication with Defendant would be protected by joint-

defense or common-interest privilege. Defendant objects to this request

to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Defendant further objects to the extent this request seeks any common interest, joint defense, and co-client agreements that are under obligation to be kept confidential.

**41.    For each allegation in the complaint that you deny, all documents, ESI, and tangible things that you contend supports your denying it.**

RESPONSE: Memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this stage of the litigation.

**42.    For each of your affirmative defenses, all documents, ESI, and tangible things that you contend supports it.**

RESPONSE: Memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to this request as overly broad, premature and inappropriately requiring Defendant to muster their evidence at this

stage of the litigation to the extent that it seeks materials for which factual investigation is not yet complete.

**43.    All documents, ESI, and tangible things that you relied on or referred to when answering, or that you identified in your answer to, each interrogatory pro-pounded on you in this case.**

RESPONSE: Defendant has produced documents responsive to this request.

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to the phrase "relied on or referred to" as overly broad and vague.  For purposes of Defendant's reasonable search, Defendant shall construe that phrase to mean sufficient to support the interrogatory answer or referenced in the answer to the interrogatory.

**44.    All documents, ESI, and tangible things that you relied on or referred to when answering, or that you identified in your answer to, each request to admit in this case.**

RESPONSE: Defendant has produced documents responsive to this request.

40

Notwithstanding that production, Defendant objects to this request to the extent it seeks the production of documents, information, or materials in the custody of persons other than Defendant.

Furthermore, memoranda, legal opinions, and attorney opinions are protected by attorney-client privilege and work-product privilege.

Defendant also objects to the phrase "relied on or referred to" as overly broad and vague.  For purposes of Defendant's reasonable search, Defendant shall construe that phrase to mean sufficient to support the request to admit answer or referenced in the answer to the request to admit.

Dated: May 29, 2026                    Respectfully submitted,

                                       JAMES UTHMEIER
                                        *Attorney General*

                                       RYAN D. NEWMAN
                                        *Chief Deputy Attorney General*

                                       DAVID M.S. DEWHIRST
                                        *Solicitor General*

                                       /s/ Tyler E. Gustafson
                                       JEFFREY PAUL DESOUSA (FBN
                                         110951)
                                       JASON J. MUEHLHOFF

41

*Chief Deputy Solicitors General*
TYLER E. GUSTAFSON (FBN
 1049292)
*Assistant Solicitor General*
CASEY J. WITTE (FBN 1070288)
*Solicitor General Fellow*
OFFICE OF THE ATTORNEY
 GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*jeffrey.desousa@myfloridalegal.com*
*jenna.hodges@myfloridalegal.com*

*Counsel for Governor DeSantis*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 22, 2026, I served the foregoing

Responses and Objections to Plaintiffs' First Request for the Production

of Documents via electronic mail to the following:

/s/ Tyler E. Gustafson
Attorney

42