# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

CAIR-FOUNDATION, INC., and CAIR-
FLORIDA, INC.,

    *Plaintiffs,*

v.            Case No. 4:25-cv-516-MW/MJF

RONALD DESANTIS, in his official
capacity as Governor of the
State of Florida,

    *Defendant.*

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS CAIR-FOUNDATION, INC. AND CAIR-FLORIDA, INC.

Under Rules 26 and 34 of the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Northern District of Florida, Defendant Ronald DeSantis, in his official capacity as Governor of the State of Florida, ("Defendant") hereby requests that Plaintiffs, CAIR-Foundation, Inc. and CAIR-Florida, Inc. (collectively, "Plaintiffs") produce each of the documents and things requested below on or within thirty days at the Office of the Attorney General of Florida, PL-01, The Capitol, Tallahassee, Florida 32399.

## DEFINITIONS

1.  The term "including" shall be construed to mean "including but not limited to."

2.  The phrase "relating to" shall be construed to mean "relating to and/or referring to."

3.  "And" and "or" shall be construed both disjunctively and conjunctively to bring within the scope of these Interrogatories all responses that might otherwise be construed outside the scope.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

4.    "Communication" means any oral, written, or electronic transmission of information (in the form of facts, ideas, inquiries, or otherwise, whether direct or indirect) including, without limitation, meetings, discussions, conversations, telephone calls, e-mail messages, instant messages, SMS messages, text messages, messages sent through collaboration or social-media platforms (e.g., Slack, Signal, WhatsApp, Telegram, Google Chat, Microsoft Teams), memoranda, letters, messages, notes, recorded voice mails, calendar invitations or travel itineraries reflecting meetings or events, notes or minutes reflecting or memorializing meetings and oral communications, or other media of any kind.

5.    "Document" means documents or electronically stored information, including but not limited to writings, letters, e-mails and all other attachments (whether sent or received by a business or personal account), communications of any kind, text or SMS messages, notes, drawings, graphs, charts, photographs, sound recordings, voice mail messages, images, PDF documents, word processing documents, electronic spreadsheets, presentations, electronic images of any kind, audio files, database material, source code, meeting invitations, attendee lists, and other data or data compilations. The term "Document" includes the original document (or a copy in the event the original is not available), as well as all copies that differ in any respect from the original, including those that have notations, underlining, or other markings

6.    "This Action" means the above-captioned case.

7.    "FAC" means First Amended Complaint in This Action.

8.    "CAIR National" means Plaintiff CAIR-Foundation, Inc.

9.    "CAIR-FL" means Plaintiff CAIR-Florida, Inc.

10.    "EO 25-244" means Executive Order 25-244, the executive order challenged in this action.

2
DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

11.    "Production Company" means the Florida-based podcast production company referenced in the current district-court record.

12.    "SFMF" means the South Florida Muslim Federation.

13.    "PCPA" means the Palestinian Community of the Americas (also known as Palestinian Community of the Americas or similar variants).

14.    "AMP" means American Muslims for Palestine.

15.    "Form 990" means IRS Form 990, including all schedules, attachments, draft versions, preparer materials, supporting workpapers, and associated amendments or correspondence with the IRS.

16.    "Major Conference" means any conference, summit, convention, annual meeting, strategy retreat, or multi-speaker event at which either Plaintiff, any CAIR executive, or any CAIR-FL executive attended as a host, sponsor, speaker, panelist, exhibitor, organizer, invitee, or official attendee.

17.    "Known Representative" means any officer, employee, contractor, volunteer, board member, spokesperson, chapter representative, or person reasonably understood by either Plaintiff to be acting on its behalf.

18.    "Gulf-State Sources" means individuals, entities, intermediaries, or institutions located in, organized under the laws of, or acting from Qatar, Kuwait, the United Arab Emirates, Bahrain, Oman, or Saudi Arabia.

19.    "SDGT" means Specially Designated Global Terrorist, as designated pursuant to Executive Order 13224 and/or the Global Terrorism Sanctions Regulations, 31 CFR Part 594.

20.    "SDN List" means the Specially Designated Nationals and Blocked Persons List maintained by the Office of Foreign Assets Control (OFAC), U.S. Department of the Treasury.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

21. "GTSR" means the Global Terrorism Sanctions Regulations, 31 CFR Part 594.

22. "Sanctions-Listed Person or Entity" means any person or entity on the OFAC SDN List, or designated under 31 CFR Part 594 (GTSR) or related authorities, including designations related to Hamas, Muslim Brotherhood, Palestinian Islamic Jihad (PIJ), Popular Front for the Liberation of Palestine (PFLP), Samidoun, al-Qaeda, Lashkar-e-Taiba, or similar.

23. "Later-Designated Person or Entity" means any person or entity not designated at the time of the Communication or transaction at issue but later placed on the OFAC SDN List or otherwise designated under a U.S. sanctions or terrorism authority.

24. "Palestine Committee-Associated Entity" means any entity, person, or organization that either Plaintiff has identified, discussed, or treated in communications, files, or internal analyses as connected to, descended from, overlapping with, or relevant to the Palestine Committee, including but not limited to the Islamic Association for Palestine ("IAP"), Holy Land Foundation ("HLF"), United Association for Studies and Research ("UASR"), American Muslims for Palestine ("AMP"), and any successors or affiliates.

25. "HLF Prosecution" means any U.S. federal investigation, indictment, charging, or prosecution of HLF related to or reflected in the 2008 federal criminal trial in *United States v. Holy Land Found. for Relief & Dev.*, Case No. 3:04-CR-240 (N.D. Tex.).

26. "Foreign Funding Source" means any donor, granter, lender, or funding intermediary outside the United States, including any foreign government, foreign government-linked entity, foreign national, or foreign organization, or Known Representative thereof.

27. "USCMO" means the U.S. Council of Muslim Organizations.

28. "MAS" means the Muslim American Society.

29. "ICNA" means the Islamic Circle of North America.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

30.    "IUMS" means the International Union of Muslim Scholars.

31.    "Samidoun" means Samidoun Palestinian Prisoner Solidarity Network, designated as a Specially Designated Global Terrorist (SDGT) entity.

32.    "PFLP" means the Popular Front for the Liberation of Palestine, a designated Foreign Terrorist Organization and SDGT.

33.    "WTF" means the Washington Trust Foundation, a 501(c)(3) entity originally incorporated as CAIR Inc.

34.    "Greater Washington LLC" means Greater Washington LLC of Delaware, a for-profit entity in which CAIR Executive Director Nihad Awad serves as a controlling principal.

35.    "MPMI" means Metropolitan Property Management Inc., a for-profit Virginia corporation sharing addresses and leadership with WTF and CAIR.

36.    "Hasana" means Hasana Charity, a zakat distribution charity launched in September 2024, fiscally sponsored by Intuitive Solutions Foundation.

37.    "Intuitive Solutions Foundation" means Intuitive Solutions Foundation, led by CAIR's National Development Director Tayyab Yunus.

38.    "DAWN" means Democracy for the Arab World Now.

39.    "Muslim Brotherhood" means the Muslim Brotherhood, including but not limited to the Egyptian Muslim Brotherhood (designated SDGT January 2025), the Jordanian Muslim Brotherhood (designated SDGT January 2025), and the Lebanese Muslim Brotherhood (designated SDGT January 2025), as well as any affiliated, successor, or alter-ego entities.

40.    "IIIT" means the International Institute of Islamic Thought.

41.    "Global Relief Foundation" means the Global Relief Foundation, designated SDGT.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

## **INSTRUCTIONS**

1.      These Requests shall be deemed continuing, requiring Plaintiffs to serve supplemental responses promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Such supplemental responses are to be served as soon as is reasonably possible after the need therefore is determined.

2.      If Plaintiffs have a good faith objection to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be stated. If there is an objection to any part of a Request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part of the Request shall be produced.

3.      Each Request shall be answered on the basis of the Plaintiffs' knowledge, from all sources, after an appropriate good faith inquiry has been made and a search has been conducted.

4.      If Plaintiffs withhold any document on a claim of attorney-client privilege, work product protection, immunity, or any other privilege or immunity, Plaintiffs shall provide a detailed privilege log that describes the nature and basis for the Plaintiffs' claim and the subject matter, date, recipients, and author of the document withheld in a manner sufficient to disclose the facts upon which the Plaintiffs rely in asserting their claim, and to permit identification of the grounds and reasons for the document's withholding. When any privilege or immunity is claimed, Plaintiffs must also indicate whether any responsive documents exist.

5.      If Plaintiffs withhold a portion of any document responsive to these Requests under a claim of privilege or immunity pursuant to Instruction 4, Plaintiffs shall produce any non-privileged portion of such document.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

6.      Documents and things must be produced as they are maintained in the normal course of business and:

   a.  all associated file labels, file headings thereon, and file folders shall be produced together with the responsive documents from each file;

   b.  all documents that cannot be legibly copied shall be produced in their original form; and

   c.  each page shall be given a discrete production number.

7.  Unless otherwise stated, the default merits period is January 1, 2019, through the date of response.

<b><u>REQUESTS FOR PRODUCTION</u></b>

**REQUEST FOR PRODUCTION NO. 1**   All Documents, from January 1, 1993, to the present, either Plaintiff relied upon, referred to, reviewed, or consulted in drafting the complaint, any amended complaint, any declaration, or any filing seeking injunctive relief in This Action.

**REQUEST FOR PRODUCTION NO. 2**   All Communications, from January 1, 2023, to the present, with the Production Company, SFMF, Coral Springs, or any other identified counterparty concerning EO 25-244, alleged reputational concerns, state-resource concerns, cancellation, suspension, or reassessment of a relationship with either Plaintiff.

**REQUEST FOR PRODUCTION NO. 3**   All Documents, from January 1, 2023, to the present, sufficient to show every actual or prospective contract, grant, sponsorship, venue arrangement, vendor relationship, business relationship, coalition relationship, donor relationship, or other relationship or opportunity that Plaintiffs contend was adversely affected by EO 25-244.

7

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 4**    All Documents, from January 1, 2023, to the present, sufficient to quantify lost revenue, lost funding, increased expenses, or diverted resources Plaintiffs attribute to EO 25-244.

**REQUEST FOR PRODUCTION NO. 5**    All Documents and Communications relating to "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide," including any acts of violence "committed by organizations designated by the United States as Foreign Terrorist Organizations," including but not limited to any referenced in Paragraph 30 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 6**    All Documents and Communications relating to "Hamas violence against Israeli civilians," including but not limited to any referred to in Paragraph 31 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 7**    All Documents, from January 1, 1993 to the present, relating to any actual, potential, past, present, or future designation of either Plaintiff as a terrorist organization, SDGT, Sanctions-Listed Entity, or "any comparable entity" referenced in Paragraph 32 of Plaintiffs' FAC in This Action, by any U.S. federal government branch or agency, any U.S. state government or agency, or any non-U.S. government.

**REQUEST FOR PRODUCTION NO. 8**    All Documents, from January 1, 1993 to the present, concerning any investigation, detention, prosecution, indictment, conviction, sentencing, or deportation of either Plaintiff, or any officer, employee, member, or affiliate of either Plaintiff, for any act of violence, terrorism, material support for terrorism, or violation of U.S. sanctions against any Sanctions-Listed Person or Entity.

**REQUEST FOR PRODUCTION NO. 9**    All Documents and Communications, from January 1, 1993 to the present, relating to any investigation, arrest, detention, prosecution,

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

indictment, conviction, sentencing, or deportation of Rabih Haddad, Bassem Khafagi, Randall "Ismail" Royer, Abdurahman Alamoudi, Ghassan Elashi, Mohammed El-Mezain, or Muthanna al-Hanooti.

**REQUEST FOR PRODUCTION NO. 10**  All Documents, from January 1, 1993, to the present, relating to the "discredited allegations from unrelated, decades-old litigation" referred to in Paragraph 62 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 11**  All Documents relating to any allegation that "CAIR's finances warranted heightened scrutiny," including but not limited to any such allegation referred to in Paragraph 62 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 12**  All Documents, from January 1, 2023, to the present, relating to any "loss of monetary payments" referred to in Paragraph 72 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 13**  All documents, from January 1, 2023, to the present, relating to either Plaintiff's diversion of "staff time and organizational resources away from their ordinary programming to respond to the Executive Order" or "to respond to inquiries from the media and partner organizations concerning the Order and its effects," including but not limited to any diversion of staff or resources referred to in Paragraph 75 of Plaintiffs' FAC in This Action.

**REQUEST FOR PRODUCTION NO. 14**  All Documents, from January 1, 2023, to the present, relating to "inquiries from the media and partner organizations concerning the Order and its effects," including but not limited to any inquiries referred to in Paragraph 75 of Plaintiffs' FAC in This Action.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 15**  All Documents, from January 1, 1993 to the present, relating to the factual basis for the "Whereas" clauses in the Executive Order pertaining to Plaintiffs.

**REQUEST FOR PRODUCTION NO. 16**  All Documents, from January 1, 1993, to the present, relating to the factual basis for Plaintiffs' allegation(s) that Plaintiffs are not terrorist organizations.

**REQUEST FOR PRODUCTION NO. 17**  All Documents, from January 1, 1993, to the present, relating to public allegations or assertions that Plaintiffs engaged in criminal activities.

**REQUEST FOR PRODUCTION NO. 18**  For each allegation in This Action that the State denies, all Documents from January 1, 1993 to the present that you contend support the allegation.

**REQUEST FOR PRODUCTION NO. 19**  All Documents sufficient to show the affiliation, governance, reporting, and branding relationship between CAIR National and CAIR-FL, including chapter agreements, policies, manuals, board resolutions, and shared-services arrangements.

**REQUEST FOR PRODUCTION NO. 20**  All organization charts, board rosters, officer rosters, and executive rosters for CAIR National and CAIR-FL.

**REQUEST FOR PRODUCTION NO. 21**  All documents sufficient to show transfers, grants, reimbursements, shared expenses, or in-kind support between CAIR National and CAIR-FL.

**REQUEST FOR PRODUCTION NO. 22**  All Documents from January 1, 1993 to the present, including 1993 Palestine Committee records, related to CAIR National's founding, founders, or seed funding.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 23**  All Documents, from January 1, 1993 to the present, relating or referring to Hamas, Muslim Brotherhood, IAP, HLF, UASR, the Palestine Committee, or any Palestine Committee-Associated Entity.

**REQUEST FOR PRODUCTION NO. 24**  All Documents each Plaintiff used or relied upon to prepare its three most recently filed IRS Form 990s and applications for tax-exemption, including any balance sheets, income statements, expense statements, cash flows, financial audits, or records of cryptocurrency transactions.

**REQUEST FOR PRODUCTION NO. 25**  All Documents, from January 1, 1993, to the present, reflecting any payment or transfer of funds between Plaintiffs, on one hand, and IAP, HLF, UASR, the Palestine Committee, or any Palestine Committee-Associated Entity, on the other hand.

**REQUEST FOR PRODUCTION NO. 26**  All Documents, from January 1, 1993, to the present, concerning any identification, designation, mention, reference, or treatment of either Plaintiff in the HLF Prosecution record, including communications with counsel or government agencies that are not privileged or that reflect nonprivileged facts.

**REQUEST FOR PRODUCTION NO. 27**  All personnel files for any officer, employee, agent, member, or volunteer of either Plaintiff or affiliate of either Plaintiff who has been convicted of a crime or deported from the United States, from January 1, 1993 to the present.

**REQUEST FOR PRODUCTION NO. 28**  All calendars, itineraries, expense reports, reimbursement records, travel approvals, and booking records for Nihad Awad's domestic and international travel from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 29**  All calendars, itineraries, expense reports, reimbursement records, and travel approvals for the international travel of CAIR National

11
DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

executives and the domestic or international travel of CAIR-FL executives, officers, and staff, from January 1, 2023, to the present.

**REQUEST FOR PRODUCTION NO. 30** All Documents concerning events, conferences, dinners, delegations, strategy sessions, or panels attended by Nihad Awad, or any CAIR National executive, or any CAIR-FL executive, and involving AMP, PCPA, Samidoun, IUMS, Al-Zaytouna, or any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity.

**REQUEST FOR PRODUCTION NO. 31** All Communications between Nihad Awad and Osama Abu Irshaid.

**REQUEST FOR PRODUCTION NO. 32** All Communications involving either Plaintiff and:

a. PIJ;
b. PFLP;
c. Charlotte Kates;
d. Khaled Barakat;
e. Samidoun;
f. Any Samidoun affiliate or representative;
g. Muslim Brotherhood;
h. Hamas;
i. Hezbollah;
j. al-Qaeda;
k. Lashkar-e-Taiba;
l. Global Relief Foundation
m. IIIT
n. IUMS
o. Al-Zaytouna Centre,
p. Intuitive Solutions Foundation
q. Hasana
r. Zakat Foundation of America
s. Baitulmaal
t. Sidra Foundation
u. Rabih Haddad

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

> v.   Bassem Khafagi
> w.   Randall "Ismail" Royer
> x.   Abdurahman Alamoudi
> y.   Ghassan Elashi
> z.   Mohammad El-Mezain
> aa.  Muthanna al-Hanooti
> bb.  Any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity related to any of the above; or
> cc.  Any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity located, based, or operating in Gaza, Lebanon, or Iran.

**REQUEST FOR PRODUCTION NO. 33** All Documents related to:

> a.   Hamas;
> b.   Muslim Brotherhood;
> c.   PIJ;
> d.   PFLP;
> e.   al-Qaeda; or
> f.   Lashkar-e-Taiba.

**REQUEST FOR PRODUCTION NO. 34** All Documents sufficient to show every donation, pledge, grant, loan, or contribution received by either Plaintiff from a Foreign Funding Source.

**REQUEST FOR PRODUCTION NO. 35** All Documents concerning fundraising involving Gulf-State Sources or intermediaries.

**REQUEST FOR PRODUCTION NO. 36** All donor-trip records, donor-meeting records, foreign fundraising itineraries, and follow-up communications relating to Foreign Funding Source(s).

**REQUEST FOR PRODUCTION NO. 37** All Documents relating to the factual basis for any determination by either Plaintiff regarding whether FARA registration was or was not required as to any actual or potential foreign funding source.

**REQUEST FOR PRODUCTION NO. 38** All donor records, grant agreements, wires, or communications with Foreign Funding Sources.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 39**  All Schedule L and Schedule R disclosures, workpapers, and supporting schedules for CAIR National and any related entity from January 1, 2015, to the present.

**REQUEST FOR PRODUCTION NO. 40**  All policies, manuals, training materials, and checklists concerning sanctions compliance, donor screening, foreign-travel approval, partner-vetting, event co-sponsorship review, and related-party transaction review from January 1, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 41**  All nonprivileged Documents relating to any internal investigation, compliance review, remediation effort, or governance response concerning sanctions, partner groups, donor source concerns, or related-party transactions.

**REQUEST FOR PRODUCTION NO. 42**  All nonprivileged Documents relating to any internal or external audit of any policy or practice relating to OFAC, FINCEN, material support for terrorism, 501(c)(3) compliance, money laundering, the False Claims Act, sanctions, partner groups, donor source, or related-party transactions.

**REQUEST FOR PRODUCTION NO. 43**  All annual reports, board decks, donor decks, strategic plans, public-relations plans, media kits, FAQ sheets, talking points, rapid-response memoranda, and messaging guidance used by either Plaintiff from January 1, 2019, to the present concerning Hamas, October 7, Gaza, Israel, Zionism, HLF, IAP, UASR, the Palestine Committee, any Palestine Committee-Associated Entities, or allegations of extremist or foreign-influence ties.

**REQUEST FOR PRODUCTION NO. 44** All public statements, press releases, speeches, interviews, social-media posts, website pages, fundraising emails, and campaign materials issued by either Plaintiff from January 1, 2019, to the present concerning Hamas, PIJ,

14
DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Hezbollah, "resistance," "intifada," "martyrdom," October 7, Gaza, Israel, Zionism, the Muslim

Brotherhood, AMP, PCPA, or related topics.

**REQUEST FOR PRODUCTION NO. 45** All documents sufficient to show each

occasion on which either Plaintiff addressed, denied, disputed, explained, or sought to distance

itself from allegations of ties to HLF, IAP, UASR, the Palestine Committee, Hamas, or the Muslim

Brotherhood.

**REQUEST FOR PRODUCTION NO. 46** All documents and communications relating

to the George Washington University Program on Extremism or any of the following

publications:

    a.  Zeyno Baran, *The Muslim Brotherhood's U.S. Network*, Hudson Institute (Feb. 27, 2008), https://perma.cc/H6GP-MUF6;

    b.  Lorenzo Vidino, *The Muslim Brotherhood in America: A Brief History*, George Washington University Program on Extremism (July 2025), https://perma.cc/5CJ4-E7PA;

    c.  Lara Burns et al., *CAIR—Why History is Important*, George Washington University Program on Extremism (Nov. 2025), https://perma.cc/7TE5-PJF3;

    d.  *Hamas's Influence on US Campuses: A Study of Networks, Strategies, and Ideological Advocacy*, George Washington University Program on Extremism (2024), https://perma.cc/LWP6-SF4C;

    e.  David Adesnik et al., *Patient Extremism: The Many Faces of the Muslim Brotherhood*, Foundation for Defense of Democracies (Oct. 27, 2025), https://perma.cc/3EEQ-M5UJ; or

    f.  Lorenzo Vidino, *Muslim Brotherhood Organizations in America: Goals, Ideologies, and  Strategies*, Foreign Policy Research Institute (Dec. 3, 2011), https://perma.cc/PV5T-MLSZ.

**REQUEST FOR PRODUCTION NO. 47** All Documents and Communications relating

to:

    a.  The Executive Order signed by President Donald J. Trump titled "Designation of

        Certain Muslim Brotherhood Chapters as Foreign Terrorist Organizations and

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

Specially Designated Global Terrorists," Exec. Order No. 14,362, 90 Fed. Reg. 55033 (Nov. 24, 2025), https://perma.cc/6285-K5JA;

b. The hearing conducted in the 115th Congress titled "The Muslim Brotherhood's Global Threat," 115th Cong. (2018), https://perma.cc/L3D2-MS84;

c. The resolution adopted in the Florida House of Representatives titled "A resolution to strongly encourage all executive agencies of the State of Florida, all law enforcement agencies, and all local governments in this state to suspend contact and outreach activities with the Council on American-Islamic Relations," H.R. 1209, 2024 Sess. (Fla. 2024), https://perma.cc/95LT-QBXB; or

d. The HLF Prosecution.

**REQUEST FOR PRODUCTION NO. 48** All joint statements, sign-on letters, coalition agreements, amicus materials, event co-sponsorship records, cross-promotional materials, list-sharing records, and advocacy-planning materials involving either Plaintiff and AMP, PCPA, USCMO, MAS, DAWN, Samidoun, or any related partner group from January 1**,** 2019, to the present.

**REQUEST FOR PRODUCTION NO. 49** All Document-retention policies, deletion policies, auto-delete settings, litigation-hold notices, preservation memoranda, personal-device policies, and messaging-platform policies used by either Plaintiff from January 1, 2019, to the present.

**REQUEST FOR PRODUCTION NO. 50** All Documents sufficient to identify every messaging platform, collaboration platform, donor-management platform, cloud-storage platform, accounting platform, CRM system, or event-registration platform used by either Plaintiff from January 1, 2019, to the present.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 51**  All Documents sufficient to show custodians, devices, repositories, and collections preserved for this action.


Dated: April 9, 2026

JAMES UTHMEIER
*Attorney General*

RYAN D. NEWMAN
*Chief Deputy Attorney General*

DAVID M.S. DEWHIRST
*Solicitor General*

/s/ Jeffrey P. DeSousa
JEFFREY PAUL DESOUSA (FBN 110951)
JASON J. MUEHLHOFF
*Chief Deputy Solicitors General*
TYLER E. GUSTAFSON (FBN 1049292)
*Assistant Solicitor General*
CASEY J. WITTE (FBN 1070288)
*Solicitor General Fellow*
JAMES WACZEWSKI (FBN 0154989)
*Special Counsel*
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*jeffrey.desousa@myfloridalegal.com*
*jenna.hodges@myfloridalegal.com*

*Counsel for Governor DeSantis*

17
DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION