# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

CAIR-FOUNDATION, INC. and
CAIR-FLORIDA, INC.,

  *Plaintiffs*,

v.

            **Case No. 4:25-cv-00516-MW-MJF**

RONALD DESANTIS, in his official
capacity as Governor, State of Florida,

  *Defendant*.

---

**PLAINTIFFS' AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF
REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

CAIR-Foundation, Inc, and CAIR Florida, Inc., ("Plaintiffs") through undersigned

counsel, submit the following amended responses and objections to Defendant

Ronald DeSantis, in his official capacity as Governor, State of Florida

("Defendant")'s first set of requests for production ("Discovery Requests"), served

on April 17, 2026.

**OBJECTIONS TO DEFENDANT'S DEFINITIONS**

1. Plaintiffs object to Defendant's definition of "Sanctions-Listed Person

or Entity" as overly broad and vague for its inclusion of "designations related to

1

Hamas, Muslim Brotherhood, Palestinian Islamic Jihad (PIJ), Popular Front for the Liberation of Palestine (PFLP), Samidoun, al-Qaeda, Lashkar-e-Taiba, or similar." Plaintiffs will instead use the following definition: "Sanctions-Listed Person or Entity" means "any person or entity on the OFAC SDN List, or designated under 31 CFR Part 594 (GTSR)."

2.      Plaintiffs object to Defendant's definition of "Later-Designated Person or Entity" as overly broad and vague due to its inclusion of the phrase "otherwise designated under a U.S. sanctions or terrorism authority." Plaintiffs will instead use the following definition: "Later-Designated Person or Entity" means "any person or entity not designated at the time of the Communication or transaction at issue but later placed on the OFAC SDN List."

3.      Plaintiffs object to Defendant's definition of "Palestine Committee-Associated Entity" as vague and overbroad for its inclusion of "Islamic Association for Palestine ("IAP"), Holy Land Foundation ("HLF"), United Association for Studies and Research ("UASR"), American Muslims for Palestine ("AMP"), and any successors or affiliates." Plaintiffs will instead use the following definition: "Palestine Committee-Associated Entity" means "any entity, person, or organization that either Plaintiff has identified, discussed, or treated in communications, files, or internal analyses as connected to, descended from, or overlapping with the Palestine Committee."

2

4.      Plaintiffs will construe "CAIR National" to encompass Plaintiff CAIR-Foundation as well as its predecessor organization, although its predecessor is a separate corporate and organizational entity and Plaintiffs are responding to these requests for production only with respect to information within the possession, custody, or control of Plaintiff CAIR-Foundation.

## RESPONSES AND OBJECTIONS:

**REQUEST FOR PRODUCTION 1**: All Documents, from January 1, 1993, to the present, either Plaintiff relied upon, referred to, reviewed, or consulted in drafting the complaint, any amended complaint, any declaration, or any filing seeking injunctive relief in This Action.

**RESPONSE:** Plaintiffs will produce documents after a reasonable search.

**REQUEST FOR PRODUCTION 2**: All Communications, from January 1, 2023, to the present, with the Production Company, SFMF, Coral Springs, or any other identified counterparty concerning EO 25-244, alleged reputational concerns, state-resource concerns, cancellation, suspension, or reassessment of a relationship with either Plaintiff.

**RESPONSE**: Plaintiffs object to "any other identified counterparty" as vague.  With regard to communications with the Production Company, SFMF, and Coral Springs, Plaintiffs will produce documents after a reasonable search.

3

**REQUEST FOR PRODUCTION 3**: All Documents, from January 1, 2023, to the present, sufficient to show every actual or prospective contract, grant, sponsorship, venue arrangement, vendor relationship, business relationship, coalition relationship, donor relationship, or other relationship or opportunity that Plaintiffs contend was adversely affected by EO 25-244.

**RESPONSE:** Plaintiffs object to this request to the extent it seeks information about the identities of donors, which is protected under the First Amendment to the United States Constitution. Plaintiffs will produce documents in response to the rest of this request after a reasonable search.

**REQUEST FOR PRODUCTION 4**: All Documents, from January 1, 2023, to the present, sufficient to quantify lost revenue, lost funding, increased expenses, or diverted resources Plaintiffs attribute to EO 25-244.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks information about the identities of donors, which is protected under the First Amendment to the United States Constitution. Plaintiffs will produce documents in response to the rest of this request after a reasonable search.

**REQUEST FOR PRODUCTION 5**: All Documents and Communications relating to "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide," including any acts of violence "committed by organizations designated

4

by the United States as Foreign Terrorist Organizations," including but not limited to any referenced in Paragraph 30 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.

This request has no time limit and purports to ask for any document or communication either Plaintiff has ever issued relating to five broad categories. Plaintiffs cannot possibly conduct a search for such a broad range of documents. Further, as Plaintiffs are entities, not individuals, it is not clear what their "communications" consist of. Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents or communications Plaintiffs may have about this broad range of topics are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1).

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social

media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 6**: All Documents and Communications relating to "Hamas violence against Israeli civilians," including but not limited to any referred to in Paragraph 31 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.

This request has no time limit and purports to ask for any document or communication either Plaintiff has ever issued relating to a broad category of action. Further, as Plaintiffs are entities, not individuals, it is not clear what their "communications" consist of. Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents or communications Plaintiffs may have about "Hamas violence against Israelis civilians" are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1).

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist

6

Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 7**: All Documents, from January 1, 1993 to the present, relating to any actual, potential, past, present, or future designation of either Plaintiff as a terrorist organization, SDGT, Sanctions-Listed Entity, or "any comparable entity" referenced in Paragraph 32 of Plaintiffs' FAC in This Action, by any U.S. federal government branch or agency, any U.S. state government or agency, or any non-U.S. government.

**RESPONSE**: Plaintiffs object to this request as designed to harass, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.

Because this case is about Defendant's designation of CAIR as a terrorist organization, asking Plaintiffs for documents they have about their designation as a terrorist organization is harassing.  In addition, this request purports to seek documents going back over 30 years.  Finally, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents or Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1).

7

Without waiving these objections, Plaintiffs respond that, as Paragraph 32 of their FAC states, they have never been designated as a Foreign Terrorist Organization, Specially Designated Global Terrorist, or any comparable entity by any federal agency, so they have no responsive documents.

**REQUEST FOR PRODUCTION 8**: All Documents, from January 1, 1993 to the present, concerning any investigation, detention, prosecution, indictment, conviction, sentencing, or deportation of either Plaintiff, or any officer, employee, member, or affiliate of either Plaintiff, for any act of violence, terrorism, material support for terrorism, or violation of U.S. sanctions against any Sanctions-Listed Person or Entity.

**RESPONSE**: Plaintiffs object to this request as vague, designed to harass, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.

First, it is not clear what a "member" or "affiliate" of either Plaintiff is. Second, because this case is about Defendant's designation of CAIR as a terrorist organization, asking Plaintiffs for documents about terrorism is harassing. In addition, this request purports to seek documents going back over 30 years. Finally, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever

8

documents or Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 9**: All Documents and Communications, from January 1, 1993 to the present, relating to any investigation, arrest, detention, prosecution, indictment, conviction, sentencing, or deportation of Rabih Haddad, Bassem Khafagi, Randall "Ismail" Royer, Abdurahman Alamoudi, Ghassan Elashi, Mohammed El-Mezain, or Muthanna al-Hanooti.

**RESPONSE**: Plaintiffs object to this request as designed to harass, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. This request purports to seek documents going back over 30 years. Moreover, none of these individuals have any current connection to either Plaintiff. In addition, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents or communications Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

9

**REQUEST FOR PRODUCTION 10**: All Documents, from January 1, 1993, to the present, relating to the "discredited allegations from unrelated, decades-old litigation" referred to in Paragraph 62 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. This request seeks documents going back over 30 years about multiple allegations that are themselves "decades-old." Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1).

Based on these objections, Plaintiffs will only produce non-privileged documents related to the litigation captioned *United States v. Holy Land Found. for Relief & Dev.*, No. 3:04-cv-240 (N.D. Tex.).

**REQUEST FOR PRODUCTION 11**: All Documents relating to any allegation that "CAIR's finances warranted heightened scrutiny," including but not limited to any such allegation referred to in Paragraph 62 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. First, it is not clear what such allegations refers to. Moreover, at issue in this case is whether

Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.   Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 12**: All Documents, from January 1, 2023, to the present, relating to any "loss of monetary payments" referred to in Paragraph 72 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request to the extent it seeks documents related to the identities of donors, which are protected under the First Amendment to the U.S. Constitution.  Plaintiffs also object to this request as overly broad, in that it asks for documents from as far back as January 1, 2023.  The Executive Order at issue in this case was issued on December 8, 2025.  Therefore, any loss of monetary payments relevant to Plaintiffs' claims could only have come about from December 8, 2025 on.  Using this timeframe, and without disclosing donors, Plaintiffs will produce responsive documents.

**REQUEST FOR PRODUCTION 13**: All documents, from January 1, 2023, to the present, relating to either Plaintiff's diversion of "staff time and organizational resources away from their ordinary programming to respond to the Executive Order"

11

or "to respond to inquiries from the media and partner organizations concerning the Order and its effects," including but not limited to any diversion of staff or resources referred to in Paragraph 75 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to the relevance of this request to the extent it seeks financial records and personnel records.  Plaintiffs further object to this request to the extent it seeks donor information protected by the First Amendment to the U.S. Constitution.  Additionally, Plaintiffs object to this request as overly broad in that it asks for documents from as far back as January 1, 2023.  The Executive Order at issue in this case was issued on December 8, 2025.  Therefore, any documents relevant to Plaintiffs' claims could only have existed from December 8, 2025 on. Using this timeframe, Plaintiffs will produce all non-privileged responsive documents related to the fact and nature of the diversion or response after a reasonable search.

**REQUEST FOR PRODUCTION 14**: All Documents, from January 1, 2023, to the present, relating to "inquiries from the media and partner organizations concerning the Order and its effects," including but not limited to any inquiries referred to in Paragraph 75 of Plaintiffs' FAC in This Action.

**RESPONSE**: Plaintiffs object to this request as overly broad in that it asks for documents from as far back as January 1, 2023.  The Executive Order at issue in this case was issued on December 8, 2025.  Therefore, any documents related to

12

inquiries concerning the Order could only have existed from December 8, 2025 on. Using this timeframe, Plaintiffs will produce responsive documents after a reasonable search.

**REQUEST FOR PRODUCTION 15**: All Documents, from January 1, 1993 to the present, relating to the factual basis for the "Whereas" clauses in the Executive Order pertaining to Plaintiffs.

**RESPONSE**: Plaintiffs object to this request as designed to harass, vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendant issued the Executive Order containing the "Whereas" clauses, and in this case Plaintiffs challenge that Executive Order, so asking Plaintiffs for documents about it is harassing. Moreover, Plaintiffs are unsure what is meant by the "factual basis" for the clauses, especially since they contend that there are no legitimate factual bases for the Executive Order. Further, as Defendant issued the Executive Order, any such documents would be in Defendant's possession, custody, and control. Finally, by seeking documents going back over 30 years, Defendants are engaged in a fishing expedition, and obtaining such documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Moreover, Plaintiffs do not concede that the truth or falsity of each "Whereas" clause is relevant to the legality of the Executive Order. Based on these objections, Plaintiffs will not produce documents in response to this request.

13

**REQUEST FOR PRODUCTION 16**: All Documents, from January 1, 1993, to the present, relating to the factual basis for Plaintiffs' allegation(s) that Plaintiffs are not terrorist organizations.

**RESPONSE**: Plaintiffs object to this request as designed to harass, overly broad, unduly burdensome, and disproportionate to the needs of the case. By implying that Plaintiffs are terrorist organizations, Defendant is harassing Plaintiffs. In addition, Defendant is asking Plaintiffs to prove a negative, and requesting all documents that prove that negative, which is incredibly broad. Moreover, by seeking documents going back over 30 years, Defendants are engaged in a fishing expedition, and obtaining such documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 17**: All Documents, from January 1, 1993, to the present, relating to public allegations or assertions that Plaintiffs engaged in criminal activities.

**RESPONSE**: Plaintiffs object to this request as designed to harass, overly broad, unduly burdensome, and disproportionate to the needs of the case. By implying that Plaintiffs have engaged in criminal activities, Defendant is harassing Plaintiffs. Further, Defendants have not engaged in criminal activities, but certainly untold others have alleged that they have. By seeking all such documents going

14

back over 30 years, Defendants are engaged in a fishing expedition, and obtaining such documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 18**: For each allegation in This Action that the State denies, all Documents from January 1, 1993 to the present that you contend support the allegation.

**RESPONSE**: Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case.  Defendant seeks documents going back over 30 years related to each and every allegation that the State denies, and obtaining such documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 19**: All Documents sufficient to show the affiliation, governance, reporting, and branding relationship between CAIR National and CAIR-FL, including chapter agreements, policies, manuals, board resolutions, and shared-services arrangements.

**RESPONSE**: Plaintiffs object to the terms "governance," "reporting," and "branding relationship" as vague, since they are not sure what is meant by these

15

terms.  Plaintiffs will produce documents sufficient to show the affiliation between CAIR National and CAIR-FL after a reasonable search.

**REQUEST FOR PRODUCTION 20**: All organization charts, board rosters, officer rosters, and executive rosters for CAIR National and CAIR-FL.

**RESPONSE:** Plaintiffs object to this request as not limited by any temporal scope.  Plaintiffs will produce responsive documents that reflect the organizations, boards, etc. from January 1, 2019 to present after a reasonable search.

**REQUEST FOR PRODUCTION 21**: All documents sufficient to show transfers, grants, reimbursements, shared expenses, or in-kind support between CAIR National and CAIR-FL.

**RESPONSE:** Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution.  Plaintiffs also object to this request as irrelevant.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). Based on this objection, Plaintiffs will not produce documents in response to this request.

16

**REQUEST FOR PRODUCTION 22**: All Documents from January 1, 1993 to the present, including 1993 Palestine Committee records, related to CAIR National's founding, founders, or seed funding.

**RESPONSE:** Plaintiffs object to this request as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  First, it is not clear what is meant by documents "related to CAIR National's founding." Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have related to CAIR's founding over 30 years ago are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, obtaining such a wide swath of historical documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 23**: All Documents, from January 1, 1993 to the present, relating or referring to Hamas, Muslim Brotherhood, IAP, HLF, UASR, the Palestine Committee, or any Palestine Committee-Associated Entity.

**RESPONSE:** Plaintiffs object to this request as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  First, it is not clear what is meant by "any Palestine Committee-Associated Entity."  Moreover,

17

at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have going back over 30 years responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, obtaining such a wide swath of documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and  "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 24**: All Documents each Plaintiff used or relied upon to prepare its three most recently filed IRS Form 990s and applications for tax-exemption, including any balance sheets, income statements, expense statements, cash flows, financial audits, or records of cryptocurrency transactions.

**RESPONSE:**  Plaintiffs object to this request to the extent it seeks the identities of donors, which are protected under the First Amendment to the U.S.

Constitution.  Plaintiffs further object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have used or relied upon to prepare their tax documents are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, obtaining such a wide swath of documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 25**: All Documents, from January 1, 1993, to the present, reflecting any payment or transfer of funds between Plaintiffs, on one hand, and IAP, HLF, UASR, the Palestine Committee, or any Palestine Committee-Associated Entity, on the other hand.

   **RESPONSE:**   Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  First, it is not clear what is meant by "any Palestine Committee-Associated Entity."  Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the

19

government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have going back over 30 years responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, obtaining such a wide swath of documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 26**: All Documents, from January 1, 1993, to the present, concerning any identification, designation, mention, reference, or treatment of either Plaintiff in the HLF Prosecution record, including communications with counsel or government agencies that are not privileged or that reflect nonprivileged facts.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have going back over 30 years responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, obtaining such a wide

swath of documents would be overly burdensome compared to its "likely benefit."

Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will produce documents related to the litigation captioned *United States v. Holy Land Found. for Relief & Dev.*, No. 3:04-cv-240 (N.D. Tex.).

**REQUEST FOR PRODUCTION 27**: All personnel files for any officer, employee, agent, member, or volunteer of either Plaintiff or affiliate of either Plaintiff who has been convicted of a crime or deported from the United States, from January 1, 1993 to the present.

**RESPONSE:** Plaintiffs object to this request as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  First, it is not clear what is meant by "agent," "member," or "affiliate."  Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have going back over 30 years responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for documents related to every single officer, employee, and volunteer would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

21

**REQUEST FOR PRODUCTION 28**: All calendars, itineraries, expense reports, reimbursement records, travel approvals, and booking records for Nihad Awad's domestic and international travel from January 1, 2023, to the present.

**RESPONSE:**    Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  It strains credulity to suggest that the details of any trips taken by Mr. Awad over the past several years would be relevant to resolving these issues. In addition, obtaining such a wide swath of documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 29**: All calendars, itineraries, expense reports, reimbursement records, and travel approvals for the international travel of CAIR National    executives and the domestic or international travel of CAIR-FL executives, officers, and staff, from January 1, 2023, to the present.

**RESPONSE:** Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as

22

irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. It strains credulity to suggest that the details of any trips taken by personnel employed by Plaintiffs over the past several years would be relevant to resolving these issues. In addition, obtaining such a wide swath of documents would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 30**: All Documents concerning events, conferences, dinners, delegations, strategy sessions, or panels attended by Nihad Awad, or any CAIR National executive, or any CAIR-FL executive, and involving AMP, PCPA, Samidoun, IUMS, Al-Zaytouna, or any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity.

**RESPONSE:** Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as vague, irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. First, it is not clear what is meant by the word "involving" before the various listed entities. Moreover, at issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the

23

government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for documents related to "events, conferences, dinners, delegations, strategy sessions, or panels" attended by numerous individuals and "involving" multiple entities, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will conduct reasonable searches for communications between Nihad Awad, or any CAIR National executive, or any CAIR-FL executive and PCPA, Samidoun, IUMS, Al-Zaytouna, or any Sanctions-Listed Person or Entity from January 1, 2019 to present, related to any act of violence, terrorism, or material support for terrorism, and produce any responsive documents.

**REQUEST FOR PRODUCTION 31**: All Communications between Nihad Awad and Osama Abu Irshaid.

**RESPONSE:** Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of

24

association, and to procedural due process by issuing the challenged Executive

Order.  Whatever documents Plaintiffs may have responsive to this request are not

relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching

for every communication between two individuals who are not parties to this case

and who communicate frequently would be overly burdensome compared to its

"likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will

not produce documents in response to this request.

**REQUEST FOR PRODUCTION 32**: All Communications involving either

Plaintiff and:

    a.  PIJ;

    b.  PFLP;

    c.  Charlotte Kates;

    d.  Khaled Barakat;

    e.  Samidoun;

    f.  Any Samidoun affiliate or representative;

    g.  Muslim Brotherhood;

    h.  Hamas;

    i.  Hezbollah;

    j.  al-Qaeda;

    k.  Lashkar-e-Taiba;

l.   Global Relief Foundation

m.   IIIT

n.   IUMS

o.   Al-Zaytouna Centre,

p.   Intuitive Solutions Foundation

q.   Hasana

r.   Zakat Foundation of America

s.   Baitulmaal

t.   Sidra Foundation

u.   Rabih Haddad

v.   Bassem Khafagi

w.   Randall "Ismail" Royer

x.   Abdurahman Alamoudi

y.   Ghassan Elashi

z.   Mohammad El-Mezain

aa.  Muthanna al-Hanooti

bb.  Any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity related to any of the above; or

cc.  Any Sanctions-Listed Person or Entity or Later-Sanctioned Person or Entity located, based, or operating in Gaza, Lebanon, or Iran.

26

**RESPONSE:**    First, Plaintiffs object to this request insofar as it asks for communications "involving" Plaintiffs themselves and any other entities. Plaintiffs are organizations comprised of individuals. Without further specificity as to whose communications are sought, Plaintiffs are unable to respond to this request.  Further, Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for every communication "involving" either Plaintiff and this list of more than 25 people or entities, none of which are Parties to this litigation, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs conduct reasonable searches for communications between CAIR and CAIR-FL executives and any sanctions-listed person or entity and the individuals or entities listed at (a-o) and (u-aa) from January 1, 2019 to present, related to any act of violence, terrorism, or material support for terrorism, and produce any responsive documents.

27

**REQUEST FOR PRODUCTION 33**: All Documents related to:

    a.  Hamas;

    b.  Muslim Brotherhood;

    c.  PIJ;

    d.  PFLP;

    e.  al-Qaeda; or

    f.  Lashkar-e-Taiba.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever documents Plaintiffs may have responsive to this request are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for any documents related to these multiple entities, none of whom are Party to this case, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will conduct reasonable searches for communications between CAIR and CAIR-FL executives and Hamas, Muslim Brotherhood, PIJ, PFLP, al-Qaeda, or Lashkar-e-Taiba from January 1, 2019 to present, and produce any responsive documents.

**REQUEST FOR PRODUCTION 34**: All Documents sufficient to show every donation, pledge, grant, loan, or contribution received by either Plaintiff from a Foreign Funding Source.

**RESPONSE:**   Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Whatever contributions Plaintiffs may have received are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for such documents, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 35**: All Documents concerning fundraising involving Gulf-State Sources or intermediaries.

**RESPONSE:**   Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated

29

CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever fundraising Plaintiffs may have conducted is not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for such documents, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 36**: All donor-trip records, donor-meeting records, foreign fundraising itineraries, and follow-up communications relating to Foreign Funding Source(s).

**RESPONSE:** Plaintiffs object to this request to the extent it seeks donor information protected by the First Amendment to the U.S. Constitution. Plaintiffs further object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Whatever fundraising Plaintiffs may have conducted is not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for such documents, with no temporal limit, would be overly burdensome

compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 37**: All Documents relating to the factual basis for any determination by either Plaintiff regarding whether FARA registration was or was not required as to any actual or potential foreign funding source.

**RESPONSE:**  Plaintiffs object to this request to the extent it seeks donor information protected by the First Amendment to the U.S. Constitution.  Plaintiffs further object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  FARA registration is not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for such documents, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 38**: All donor records, grant agreements, wires, or communications with Foreign Funding Sources.

**RESPONSE:**  Plaintiffs object to this request to the extent it seeks donor information protected by the First Amendment to the U.S. Constitution.  Plaintiffs

31

further object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Documents related to Foreign Funding Sources are not relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for such documents, with no temporal limit, would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 39**: All Schedule L and Schedule R disclosures, workpapers, and supporting schedules for CAIR National and any related entity from January 1, 2015, to the present.

**RESPONSE:**  Plaintiffs object to this request to the extent it seeks donor information protected by the First Amendment to the U.S. Constitution.  Plaintiffs further object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Documents responsive to this request would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching

32

for such documents for a period of over ten years would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 40**: All policies, manuals, training materials, and checklists concerning sanctions compliance, donor screening, foreign-travel approval, partner-vetting, event co-sponsorship review, and related-party transaction review from January 1, 2019,

to the present.

**RESPONSE:**  Plaintiffs object to the terms "partner-vetting," "event co-sponsorship review," and "related-party transaction review" as vague.  Plaintiffs are not able to determine if they have responsive documents without further clarification, so Plaintiffs will not respond to those parts of this request.  In addition, Plaintiffs object to the temporal scope of this request.  Plaintiffs will produce responsive documents for the rest of this request from January 1, 2019 on, after a reasonable search.

**REQUEST FOR PRODUCTION 41**: All nonprivileged Documents relating to any internal investigation, compliance review, remediation effort, or governance response concerning sanctions, partner groups, donor source concerns, or related-party transactions.

33

**RESPONSE:** Plaintiffs object to "partner groups," "donor source concerns," and "related-party transactions" as vague. Plaintiffs are not able to determine if they have responsive documents without further clarification, so Plaintiffs will not respond to those parts of this request. Moreover, Plaintiffs object to this request as overbroad, as it seeks documents with no temporal limit. Plaintiffs will produce responsive documents for the rest of this request from January 1, 2019 on, after a reasonable search.

**REQUEST FOR PRODUCTION 42**: All nonprivileged Documents relating to any internal or external audit of any policy or practice relating to OFAC, FINCEN, material support for terrorism, 501(c)(3) compliance, money laundering, the False Claims Act, sanctions, partner groups, donor source, or related-party transactions.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Documents responsive to this request would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents with no time limitation would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1). Based on these objections, Plaintiffs will not produce documents in response to this request.

34

**REQUEST FOR PRODUCTION 43**: All annual reports, board decks, donor decks, strategic plans, public-relations plans, media kits, FAQ sheets, talking points, rapid-response memoranda, and messaging guidance used by either Plaintiff from January 1, 2019, to the present concerning Hamas, October 7, Gaza, Israel, Zionism, HLF, IAP, UASR, the Palestine Committee,

any Palestine Committee-Associated Entities, or allegations of extremist or foreign-influence ties.

**RESPONSE:**  First, Plaintiffs do not understand what is meant by "public-relations plans," "media kits," "rapid-response memoranda," and "messaging guidance," nor by "Palestine Committee-Associated Entities."  Next, Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Documents concerning this broad range of topics, which includes an entire country (Israel), would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents for over 7 years would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

35

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 44**: All public statements, press releases, speeches, interviews, social-media posts, website pages, fundraising emails, and campaign materials issued by either Plaintiff from January 1, 2019, to the present concerning Hamas, PIJ, Hezbollah, "resistance," "intifada," "martyrdom," October 7, Gaza, Israel, Zionism, the Muslim Brotherhood, AMP, PCPA, or related topics.

**RESPONSE:**  First, Plaintiffs do not understand what is meant by "related topics."  Next, Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Documents concerning this broad range of topics, which includes an entire country (Israel), would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1).  In addition, searching for all such

36

documents for over 7 years would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 45**: All documents sufficient to show each occasion on which either Plaintiff addressed, denied, disputed, explained, or sought to distance itself from allegations of ties to HLF, IAP, UASR, the Palestine Committee, Hamas, or the Muslim Brotherhood.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Documents concerning this broad range of topics would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents with no time limit

37

would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will not produce documents in response to this

request.

**REQUEST FOR PRODUCTION 46**: All documents and communications relating

to the George Washington University Program on Extremism or any of the following

publications:

    a. Zeyno Baran, *The Muslim Brotherhood's U.S. Network*, Hudson Institute

       (Feb. 27, 2008), https://perma.cc/H6GP-MUF6;

    b. Lorenzo Vidino, *The Muslim Brotherhood in America: A Brief History*,

       George Washington University Program on Extremism (July 2025),

       https://perma.cc/5CJ4-E7PA;

    c. Lara Burns et al., CAIR—*Why History is Important*, George Washington

       University Program on Extremism (Nov. 2025), https://perma.cc/7TE5-

       PJF3;

    d. *Hamas's Influence on US Campuses: A Study of Networks, Strategies, and*

       *Ideological Advocacy*, George Washington University Program on

       Extremism (2024), https://perma.cc/LWP6-SF4C;

    e. David Adesnik et al., *Patient Extremism: The Many Faces of the Muslim*

       *Brotherhood*, Foundation for Defense of Democracies (Oct. 27, 2025),

       https://perma.cc/3EEQ-M5UJ; or

f.  Lorenzo Vidino, *Muslim Brotherhood Organizations in America: Goals, Ideologies, and Strategies*, Foreign Policy Research Institute (Dec. 3, 2011), https://perma.cc/PV5T-MLSZ.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  Documents concerning this Program, which is not a party to this case, and these publications, none of which Plaintiffs authored or were involved in producing, would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents with no time limit would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 47**: All Documents and Communications relating to:

a.  The Executive Order signed by President Donald J. Trump titled "Designation of Certain Muslim Brotherhood Chapters as Foreign Terrorist Organizations and Specially Designated Global Terrorists,"

39

Exec. Order No. 14,362, 90 Fed. Reg. 55033 (Nov. 24, 2025), https://perma.cc/6285-K5JA;

b. The hearing conducted in the 115th Congress titled "The Muslim Brotherhood's Global Threat," 115th Cong. (2018), https://perma.cc/L3D2-MS84;

c. The resolution adopted in the Florida House of Representatives titled "A resolution to strongly encourage all executive agencies of the State of Florida, all law enforcement agencies, and all local governments in this state to suspend contact and outreach activities with the Council on American-Islamic Relations," H.R. 1209, 2024 Sess. (Fla. 2024), https://perma.cc/95LT-QBXB; or

d. The HLF Prosecution.

**RESPONSE:** Plaintiffs object to this request as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case. At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order. Documents concerning, for example, an Order that makes no reference to Plaintiffs, or a prosecution that Plaintiffs were not involved in, would not be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents with no

40

time limit would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).  Based on these objections, Plaintiffs will not produce documents in response to this request.

**REQUEST FOR PRODUCTION 48**: All joint statements, sign-on letters, coalition agreements, amicus materials, event co-sponsorship records, cross-promotional materials, list-sharing records, and advocacy-planning materials involving either Plaintiff and AMP, PCPA, USCMO, MAS, DAWN, Samidoun, or any related partner group from January 1**,** 2019, to the present.

**RESPONSE:**  First, Plaintiffs do not know what is meant by "coalition agreements," "event co-sponsorship records," "cross-promotional materials," "list-sharing records," "advocacy-planning materials," or "any related partner group." Without further clarification, Plaintiffs cannot search for documents that might be responsive to the parts of this request referencing these terms.  Next, Plaintiffs object to this request to the extent it seeks information that is protected under the First Amendment to the U.S. Constitution, and as irrelevant, overly broad, unduly burdensome, and disproportionate to the needs of the case.  At issue in this case is whether Governor DeSantis violated CAIR's constitutional rights to free speech, to petition the government, to freedom of association, and to procedural due process by issuing the challenged Executive Order.  It is hard to understand how, for example, amicus materials (which would likely be covered by the word product

41

privilege in any event) prepared with another organization would be relevant to "any party's claim or defense." F.R.C.P. 26(b)(1). In addition, searching for all such documents for over 7 years would be overly burdensome compared to its "likely benefit." Fed. R. C. P. 26(b)(1).

Based on these objections, Plaintiffs will produce public documents related to Plaintiffs' condemnation of "Hamas violence against Israeli citizens" and "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30-31, with the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce.

**REQUEST FOR PRODUCTION 49**: All Document-retention policies, deletion policies, auto-delete settings, litigation-hold notices, preservation memoranda, personal-device policies, and messaging-platform policies used by either Plaintiff from January 1, 2019, to the present.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Policies from over seven years ago are unlikely to be relevant to "any party's claim or defense" in this case that stems from an Executive Order issued in late 2025. F.R.C.P. 26(b)(1). Based

42

on these objections, Plaintiffs will instead produce non-privileged responsive documents from 2025 to the present, after a reasonable search.

**REQUEST FOR PRODUCTION 50**: All Documents sufficient to identify every messaging platform, collaboration platform, donor-management platform, cloud-storage platform, accounting platform, CRM system, or event-registration platform used by either Plaintiff from January 1, 2019, to the present.

**RESPONSE:** Plaintiffs object to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Platforms and systems used over seven years ago are unlikely to be relevant to "any party's claim or defense" in this case that stems from an Executive Order issued in late 2025. F.R.C.P. 26(b)(1). Based on these objections, Plaintiffs will instead adopt the three-year temporal scope used in other of Defendant's requests, and will produce responsive documents after a reasonable search.

**REQUEST FOR PRODUCTION 51**: All Documents sufficient to show custodians, devices, repositories, and collections preserved for this action.

**RESPONSE:** Plaintiffs will produce responsive documents after a reasonable search.

43

Dated: July 17, 2026.

Respectfully submitted,

/s/ *Elizabeth C. Lockwood*
Elizabeth C. Lockwood (pro hac vice)
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, DC 20002
(202) 651-2477
liz.lockwood@alilockwood.com

Arthur Ago (pro hac vice)
Aaron Fleisher (pro hac vice)
Brant Levine (pro hac vice)
Mary Ella W. Simmons (pro hac vice)
Huey Fischer Garcia (pro hac vice)
SOUTHERN POVERTY LAW CENTER
400 Washington Ave
Montgomery, AL 31604
(786) 347-2056
scott.mccoy@splcenter.org
aaron.fleisher@splcenter.org
arthur.ago@splcenter.org
Brant.levine@splcenter.org
maryella.simmons@splcenter.org
huey.fischergarcia@splcenter.org

Daniel B. Tilley
FL Bar No. 102882
ACLU OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

Shereef H. Akeel (pro hac vice)
Samuel Simkins (pro hac vice)
AKEEL & VALENTINE, PLC
888 West Big Beaver Road, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
sam@akeelvalentine.com

Hina Shamsi (pro hac vice)
Charles Hogle (pro hac vice)
Celin Carlo-Gonzalez (pro hac vice)
Natalie Smith (pro hac vice)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
hshamsi@aclu.org
charlie.hogle@aclu.org
ccarlo-gonzalez@aclu.org
n.smith@aclu.org

*Counsel for Plaintiffs*

44

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I sent, via electronic mail, the foregoing **Plaintiffs' Amended Responses to Defendant's First Set of Requests for Production**, on behalf of the Plaintiffs, to the following counsel of record for Defendant:

JASON J. MUEHLHOFF
Chief Deputy Solicitor General
JEFFREY P. DESOUSA
Acting Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399
(850) 414-3300
jason.muehlhoff@myfloridalegal.com
jeffrey.desousa@myfloridalegal.com


/s/ *Elizabeth C. Lockwood*
Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, DC 20002
(202) 651-2477
liz.lockwood@alilockwood.com

45