# Exhibit D



501 H St NE, Suite 200
Washington, D.C. 20002
(202) 651-2475 | www.alilockwood.com

*July 17, 2026*

***Via Email***

Tyler Gustafson, Assistant Solicitor General
Office of the Solicitor General
PL-01, The Capitol
Tallahassee, FL 32399-1050
tyler.gustafson@myfloridalegal.com

**Re: *CAIR v. Desantis* – Plaintiffs' Responses and Objections to Defendant's Discovery Requests**

Mr. Gustafson:

I am writing to respond to your June 18, 2026, letter regarding Plaintiffs' responses to Defendant's First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission. This response follows our June 25 meet and confer and subsequent email correspondence regarding these issues.

We maintain that our initial discovery responses and objections were appropriate, for all reasons stated in those responses and discussed further herein. However, in the interest of compromise, we have amended certain responses and are serving those contemporaneously with this letter. We have endeavored in this letter to respond to your concerns regarding the remaining requests, and are available to meet and confer if needed to better understand our position.

**A. Alleged "General Deficiencies"**

Your letter identifies several "general deficiencies" with respect to objections you suggest are problematic. *First*, your letter argues that Plaintiffs' relevance objections are "baseless." However, as we explained at the meet and confer, in nearly all of the instances where we objected to a request as irrelevant, the request sought information about Plaintiffs' travel, communications, operations, and fundraising activities that have no bearing on Plaintiffs' claims or Defendant's defenses. In particular, nearly all of these requests seek information that was not known to or relied on by Defendant when the Executive Order was issued, to attempt to manufacture a post hoc justification for the Order. Indeed, Governor Desantis made clear that he looked forward to using this litigation to obtain discovery on information that he was not privy to, such as fundraising data, and the breadth of Defendant's discovery requests show that he is following through on his fishing expedition.

As we indicated, we have not been able to find any authority to support your position that documents outside of Defendant's possession and awareness could be used to manufacture a compelling government interest or support the other defenses you listed in your letter. During our meet and confer and in our subsequent correspondence, we asked that you identify authority for that specific proposition, which you have not done. And the authority we have reviewed shows that any defense based on such documents would constitute an impermissible post-hoc justification for the Order. *See Kennedy v. Bremerton School District*, 597 U.S. 507, 543 n.8 (2022) (when the government asserts an interest for burdening Plaintiffs' First Amendment rights, that interest "must be genuine, not hypothesized or invented post hoc in response to litigation"); *Bourgeois v. Peters*, 387 F.3d 1303, 1322–23 (11th Cir. 2004) (rejecting "post hoc rationalizations" for a speech restriction and noting that what matters is what the government "actually … took … into consideration when drafting its policy").

Instead of providing authority responsive to these concerns, your letter and subsequent correspondence claimed that the requests sought information relevant to certain allegations in the First Amended Complaint. We have reviewed your requests again to identify those that relate to the narrow allegations Plaintiffs made in the complaint, and, as discussed further below, we have amended certain responses to attempt to narrow the areas of dispute.

*Second*, your letter raised various generalized concerns regarding Plaintiffs' vagueness, burden, definition, and "communication" objections. Although we maintain these objections were appropriate and made in good faith, we have assessed your concerns during our review of each individual request, and have indicated below where we determined that any amendment was appropriate. With respect to the "communication" objection, Plaintiffs are not withholding any documents on the basis of that objection.

*Third*, your letter wrongly suggested that Plaintiffs' First Amendment objections were improper. As an initial matter, and as Plaintiffs' response to Interrogatory 1 makes clear, because Plaintiffs have not made any allegation of injuries related to donations or lost donors, that type of information is irrelevant to Defendant's defenses. Further, CAIR—as an American organization, along with its American members and donors—has a First Amendment right to freedom of association that protects against these demands for private donor information. *See First Choice Women's Res. Ctrs., Inc. v. Davenport*, 146 S. Ct. 1114, 1123 (2026) ("[D]emands for private donor information 'inevitabl[y]' carry with them a 'deterrent effect on the exercise of First Amendment rights.'" (quoting *Buckley v. Valeo*, 424

U.S. 1, 65 (1976) (per curiam))); *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) ("Compelled disclosure of membership in an organization engaged in advocacy of particular beliefs" can constitute a "substantial restraint" on freedom of association). This is particularly so where, as here, Defendant requests identities of donors and members of a religious organization and where Defendant has shown hostility to CAIR and designated CAIR a "terrorist organization," clearly supporting a reasonable probability that the information requested will give rise to threats, harassment, or reprisals from Government officials or private parties, and ultimately infringe on the associational rights of CAIR and its members and donors. *See Christ Covenant Church v. Town of Sw. Ranches*, No. 07-60516-CIV, 2008 WL 2686860, at *6 (S.D. Fla. June 29, 2008) (First Amendment associational rights implicated where government seeks identities of members of a religious organization); *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 141 (E.D.N.Y. 2013), *aff'd,* 868 F.3d 104 (2d Cir. 2017), and *aff'd,* 705 F. App'x 10 (2d Cir. 2017) (prima facie showing of reasonable probability that disclosure would lead to threats or harassment where government has viewed group in question "with suspicion and hostility").  For all of these reasons, Plaintiffs stand on their First Amendment objections, to the extent various requests seek protected information.

## B.  Objections to Specific Requests

We have carefully reviewed the specific concerns your June 18 letter raised regarding various requests. Although Plaintiffs maintain that all of their objections are appropriate, they have agreed to amend certain responses in the interest of compromise, and to attempt to narrow the parties' disputes. For the remaining requests, we are standing on our objections, and are available to meet and confer if our position is unclear.

### 1.  Plaintiffs' Amended Responses

*Interrogatories 14, 19, 21*: These interrogatories will be amended by July 24 to reflect the time frame of January 1, 2019 to the present.

*Interrogatory 22:* This interrogatory will be amended by July 24 to list the custodians, devices, accounts, and repositories covered by the litigation hold or preservation notices issued in connection with this action.

*Request for Production 2:* Plaintiffs are willing to consider any proposed additional search terms for this request if Defendant is able to identify the specific individuals or groups whose communications with Plaintiff are being sought.

3

*Requests for Production 5–6, 23, 43–44, 48:* Plaintiffs will produce all public documents relating to their condemnation of "Hamas violence against Israeli citizens" and  "unjust violence, including hate crimes, terrorism, ethnic cleansing, and genocide committed by organizations designated by the United States as Foreign Terrorist Organizations," *see* FAC ¶¶ 30–31, which the exception of publicly available social media posts, which are already accessible to Defendant and impose an undue burden on Plaintiffs to search for, collect, and produce. Otherwise, Plaintiffs stand on their objections to these requests.

*Request for Production 10, 26:* Plaintiffs are conducting a reasonable search for documents responsive this request and will produce any non-privileged documents that are located.

*Request for Production 13:* Plaintiffs' inadvertently indicated that they would only produce "documents sufficient to show"; the amended response confirms that Plaintiffs will produce all responsive documents.

*Request for Production 20:* Plaintiffs' response has been amended to indicate that Plaintiffs will produce responsive documents from January 1, 2019 to the present, which is the applicable time period for all of the documents that Plaintiffs has agreed to produce. Plaintiffs otherwise stand on their objections.

*Requests for Production 30, 32–33*: Although Plaintiffs maintain that their objections were proper, in the spirit of compromise and in an attempt to narrow the parties' disputes, Plaintiffs have amended their responses to indicate that they will conduct reasonable searches for communications with certain individuals that relate to any act of violence, terrorism, or material support for terrorism from January 1, 2019 to present.

*Request for Production 40*: Your explanation of your interpretation of "partner-vetting," "event co-sponsorship review," and "related-party transaction review" raises questions about the relevance of those aspects of the request. Plaintiffs maintain their objections as to those aspects of the request, but will produce policies, manuals, training materials, and checklists concerning sanctions compliance, donor screening, and foreign-travel approval from January 1, 2019 to present.

*Request for Production 41:* Plaintiffs will search for documents responsive to your interpretation of "remediation effort" and "governance response," but will not search for documents that are responsive to your definition of "partner groups," "donor source concerns," and "related-party transactions," as your definition of those terms just shows that this aspect of the request is irrelevant. As the amended response

4

indicates, Plaintiffs will search for documents from January 1, 2019 to present.

*Requests for Admission 5, 9:* Plaintiffs will amend their responses to these requests in response to the concerns that you raised by August 14.

*Requests for Admission 24–27, 29, 36:* Although Plaintiffs maintain that their relevance objections to these requests were appropriate, in the interest of narrowing the parties' disputes, Plaintiffs will amend their responses by August 14.

*Requests for Admission 37, 47, 49, 82–83, 102, 103, 105, 107, 109, 111, 119*: Plaintiffs objected to these requests based on both their relevance and the burden it would impose on Plaintiffs to conduct the reasonable inquiry that would be required to respond to the requests. Although Plaintiffs maintain those objections were appropriate, in the interest of compromise and in an attempt to narrow the parties' dispute, Plaintiffs will respond to these requests by August 14.

*Requests for Admission 155–57:* Plaintiffs will amend their responses to be responsive to Defendant's requests for certain admissions based on the time period of January 1, 2019 to present. If there are other reasons Defendant believes these responses are "evasive or non-responsive," as your letter vaguely suggests, please let us know.

### 2. Remaining Requests

*Interrogatory 1*: Nothing responsive to this request has been withheld based on Plaintiffs' First Amendment objection at this time. However, Plaintiffs preserve the objection.

*Interrogatories 2–13, 15–18, 20:* Plaintiffs stand on their objections. As explained above, these requests are not relevant to Plaintiffs' designation or any valid defenses. They also do not pertain to any of the allegations in Plaintiffs' complaint.

*Requests for Production 3–4, 12–13, 21, 24–25, 28–29, 34-38, 39:* Plaintiffs stand on their objections to the extent these requests seek donor information, which, as explained above, is not relevant to this case and is protected by the First Amendment.

*Request for Production 7:* Notwithstanding Governor Desantis' recent receipt of a notice of intent to designate CAIR and CAIR-FL as a domestic terrorist organization under HB 1471—of which Defendant is well aware—CAIR-FL has never been designated as a terrorist organization by any government, and therefore no responsive documents exist that are not otherwise in Defendant's possession. And although Governor Abbott designated CAIR as a Foreign Terrorist and Transnational Criminal Organization under the Texas Penal Code and Texas Property Codes, that

designation is the subject of two litigations, and documents related to it are entirely irrelevant to whether Governor Desantis' Executive Order was appropriate. Plaintiffs therefore see no basis to amend their response to this request.

*Requests for Production 8–9, 15–18, 22, 24–25, 27–29, 34–39, 42, 45–47*: Plaintiffs stand on their objections. As explained above, these requests are not relevant to Plaintiffs' designation or any valid defenses. They also do not pertain to any of the allegations Plaintiffs made in the complaint. Instead, they reflect Defendant's effort to collect new information and evidence to attempt to manufacture post hoc justifications for the Executive Order.

For example, RFP 15 seeks documents related to the factual basis for the Executive Order's "Whereas" clauses. But that Executive Order was issued by Defendant, not Plaintiffs, and Defendant is uniquely in possession of any documents or information that it believed were the factual basis for those statements. RFPs 24 and 25 seek various financial documents related to Plaintiffs' IRS filings, which are wholly unrelated to any of Plaintiffs' allegations, claims, or Defendant's defenses. Similarly, various requests seek information about CAIR and CAIR-FL's funding and employees' travel and communications with a wide range of people and entities. But none of the complaint's allegations relate to these issues, nor has Defendant identified any authority to show that it is relevant to any valid defense.

For all the reasons discussed above, Plaintiffs stand on their objections.

*Request for Production 11:* Plaintiffs did not allege that "CAIR's finances warranted heightened scrutiny," as this request states. The Governor made that statement, and the complaint quotes it. We therefore do not understand what this request is seeking, and stand on our objections.

*Request for Production 21:* Plaintiffs are producing Plaintiffs' affiliate agreement in response to this request, but do not understand how the remaining aspects of the request—seeking various financial information—are relevant to Plaintiffs' allegations or claims, or Defendant's defenses (and your letter does not provide any additional explanation). Plaintiffs therefore stand on their objections.

*Request for Production 31:* Your letter claims Plaintiffs' response to this request was "evasive and non-responsive," but does not explain why. Plaintiffs responded accurately to the request, and do not believe any amendment is necessary. If you can provide additional information as to why you believe the response was "evasive and non-responsive," we will consider it.

*Requests for Admission 32, 38–41, 69–71, 74, 168–75:* Because none of these requests are relevant to the Plaintiffs' allegations or claims, or any valid defense, Plaintiffs stand on their objections.

Respectfully,

/s/ Liz Lockwood
Liz Lockwood
Partner
Ali & Lockwood LLP

7