**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

| | |
|---|---|
| **CAIR-FOUNDATION, INC., and**<br>**CAIR-FLORIDA, INC.,**<br>***Plaintiffs*,**<br>**v.**<br>**RONALD DESANTIS, in his official capacity as Governor, State of Florida,**<br>***Defendant*.** | **Case No. 4:25-cv-00516-MW-MJF** |

**JOINT MOTION TO CONTINUE DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

CAIR-FOUNDATION, INC., and CAIR-FLORIDA, INC, ("Plaintiffs") and Ronald DeSantis, in his official capacity of Governor of the State of Florida ("Defendant") (collectively "the Parties") hereby move jointly pursuant to Federal Rule of Civil Procedure 16(b)(4) to extend the deadline to complete discovery to January 15, 2027, along with corresponding extensions to the other deadlines in the Court's current Schedule Order, Dkt. 63. In support of this motion, the Parties state as follows:

1. Plaintiffs filed their Complaint on December 15, 2025, and their First Amended Complaint on January 16, 2026. On January 23, 2026,

Plaintiff CAIR Foundation, Inc. filed a motion for a preliminary injunction and that injunction was granted on March 4, 2026.

2. On July 14, 2026, the Court entered a revised scheduling order in this case that set the discovery deadline on October 26, 2026, the deadline for filing summary judgment motions on November 16, 2026, and scheduled a bench trial to commence March 15, 2027. The deadline to commence mediation was set for November 9, 2026, to be completed by November 23, 2026, and the mediation report is due by December 7, 2026.

3. Defendant filed his motion to compel discovery on July 22, 2026, and Plaintiffs filed their motion in opposition on August 5, 2026. On August 18, 2026, this Court referred the discovery motion to the Magistrate Judge, who ordered on August 28, 2026, that Defendant file a notice containing any written stipulations about the scope of discovery and that Plaintiffs supplement the record with their initial disclosures and their latest privilege log. Both parties supplied the Magistrate Judge with their respective notices on September 4, 2026, (1) outlining that no stipulations have been made and (2) providing Plaintiffs' initial disclosures but stating to the Magistrate Judge that no privilege log has

been produced by Plaintiffs to date. As of the filing of this motion, the Magistrate Judge has yet to issue his order.

4. The Parties have been diligently pursuing discovery in this matter since their last request to modify the case schedule. However, discovery has been stymied by unresolved discovery disputes regarding the scope of discovery, and, absent resolution, the Parties' ability to engage in meaningful discovery is limited.

5. Further, both Parties seek to depose fact witnesses and 30(b)(6) representatives. Plaintiffs have deposed a 30(b)(6) witness and a fact witness. During the 30(b)(6) deposition, Defendant's counsel invoked privileges, which were explained prior to the deposition (the Parties' counselors did not agree as to the scope of privilege), and instructed the witness not to answer certain questions. Plaintiffs have since notified Defendant of their intent to file a motion to compel that testimony. Plaintiffs also sent Defendant a letter identifying deficiencies with prior written discovery responses. Defendant has proposed that the Parties meet and confer over that letter on September 29, 2026. Plaintiffs have requested to depose two of Defendant's attorneys, and the Parties have met and conferred on that issue on September 22, 2026. Defendant

intends to depose Plaintiffs' 30(b)(6) witness(es), and the parties have not yet conferred over the noticed topics. Plaintiffs also believe that this deposition should not occur until after the Court rules on Defendant's motion to compel, because of the overlapping issues raised in that motion and Defendant's proposed topics. The Parties are diligently trying to resolve these issues.

6. The Parties have scheduled depositions of each expert witness, but some issues remain regarding a subpoena duces tecum (SDT) served on Defendant's expert. The Parties met and conferred regarding the SDT on September 14, 2026, and Defendant served additional objections to the SDT on September 21, 2026. The Parties are diligently trying to resolve these issues.

7. The Parties have conferred about the impact of pending discovery motions, discovery disputes, and depositions and agree that an extension of the discovery deadline to January 15, 2027, (extension by 82 days) is appropriate.

8. This extension will also allow the Parties to continue to attempt to settle their respective discovery disputes related to various objections

raised by each side in connection with their discovery requests and depositions.

9. “Trial courts are afforded ‘great latitude’ with respect to scheduling, and judges enjoy ‘broad discretion’ in ruling on motions for continuances.” *United States v. Pendergrass*, 995 F.3d 858, 870 (11th Cir. 2021) (quoting *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985)); *see also United States v. Uptain*, 531 F.2d 1281, 1285–86 (5th Cir. 1976) (explaining the highly deferential standard of review given to trial courts regarding scheduling).

10. “A schedule may be modified only for good cause and with the judge’s consent.” Fed. R. Civ. P. 16(b)(4). “To establish good cause, the party seeking the extension must have been diligent.” *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008). “[G]ood cause exists if the schedule ‘cannot reasonably be met despite the diligence of the party seeking the extension.’” *Green Island Holdings, LLC v. Brit. Am. Isle of Venice, Ltd.*, 521 F. App’x 798, 800 (11th Cir. 2013) (quoting Fed. R. Civ. P. 16 advisory committee notes). Here, both Parties seek this extension.

11. Good cause exists for granting an extension of deadlines in this case because the existing deadlines cannot reasonably be met despite the Parties' diligence. As outlined above, both Parties are making diligent efforts to respond to each other's requests. Neither party would be prejudiced by extending the discovery deadline and corresponding dates in this action. *Contra Laurie v. Ala. Ct. of Crim. Appeals*, 256 F.3d 1266, 1275 (11th Cir. 2001) (explaining that when an extension would prejudice a party, that prejudice mitigates against granting an extension), *abrogation recognized on other grounds by Washington v. Albright*, 814 F. Supp. 2d 1317, 1321–22 (M.D. Ala. 2011).

12. Accordingly, the Parties request that the Court continue the deadline to complete discovery to January 15, 2027, along with a corresponding 82-day extension to all remaining pretrial deadlines, as well as a continuance of the trial date. The Parties are prepared to participate in a status conference at the Court's convenience, if necessary.

Respectfully submitted on September 23, 2026.

***Counsel for Plaintiffs*:**

/s/ *Scott D. McCoy*
Scott D. McCoy
FL Bar No. 1004965

Arthur Ago (pro hac vice)
Aaron Fleisher (pro hac vice)
Brant Levine (pro hac vice)
Mary Ella W. Simmons (pro hac vice)
Huey Fischer Garcia (pro hac vice)
SOUTHERN POVERTY LAW CENTER
400 Washington Ave
Montgomery, AL 31604
(786)347-2056
scott.mccoy@splcenter.org
aaron.fleisher@splcenter.org
arther.ago@splcenter.org
Brant.levine@splcenter.org
maryella.simmons@splcenter.org
huey.fischergarcia@splcenter.org

Hina Shamsi (pro hac vice)
Charles Hogle (pro hac vice)
Celin Carlo-Gonzalez (pro hac vice)
Natalie Smith (pro hac vice)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
hshamsi@aclu.org
charlie.hogle@aclu.org
ccarlo-gonzalez@aclu.org
n.smith@aclu.org

Shereef H. Akeel (pro hac vice)
Samuel Simkins (pro hac vice)

***Counsel for Defendant*:**

*/s/ Tyler E. Gustafson*
David M.S. Dewhirst (FBN 1076928)
*Solicitor General*
Jeffrey P. DeSousa (FBN 110951)
Jason J. Muehlhoff (FBN 1076410)
*Chief Deputy Solicitors General*
Tyler E. Gustafson (FBN 1049292)
*Assistant Solicitor General*
Coleman Batson (FBN 110018)
*Special Counsel*
William Stafford (FBN 70394)
*Special Counsel*
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399
(850) 414-3300
*Jeffrey.desousa@myfloridalegal.com*
*Jenna.hodges@myfloridalegal.com*

*Counsel for Governor DeSantis*

AKEEL & VALENTINE, PLC
888 West Big Beaver Road, Ste. 350
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
sam@akeelvalentine.com

Elizabeth C. Lockwood
ALI & LOCKWOOD LLP
501 H Street NE, Suite 200
Washington, DC 20002
(202) 651-2477
liz.lockwood@alilockwood.com

Daniel B. Tilley
FL Bar No. 102882
ACLU OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org

*Counsel for CAIR-Foundation and CAIR-Florida*