UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CAIR-FOUNDATION, INC. and CAIR-FLORIDA, INC.,**

*Plaintiffs,*

**v.**

**RONALD DESANTIS, in his official capacity as Governor, State of Florida,**

*Defendant.*

**Case No. 4:25-cv-00516-MW-MJF**

## AFFIDAVIT OF DEFENDANT'S RULE 30(B)(6) DESIGNEE, JAY K. ARNOLD, JR., CLAIMING DELIBERATIVE PROCESS PRIVILEGE[1]

I, **Jay K. Arnold, Jr.**, being of lawful age and first duly sworn, depose and state as follows:

1. **Identity of Affiant:** I am the Rule 30(B)(6) designated witness in the above-captioned matter, having been served with a subpoena to testify dated June 1, 2026, and testifying on June 4, 2026.
2. **Purpose of Affidavit:** I am submitting this affidavit to formally assert a lawful privilege exempting me from testifying on certain matters described in the subpoena and/or asked at my deposition.

[1] This affidavit would have accompanied Defendant's response in opposition to the motion to compel testimony but for my role in the State of Florida's response to Hurricane Isaias. My role within the State government kept me at the Emergency Operations Center during the lead up and aftermath of the hurricane.

3. **Privileged Topics:** I am claiming the deliberative process privilege regarding the following information:

    - The Executive Office of the Governor's general process for researching, drafting, preparing, and promulgating executive orders. (Topic 3)
    - The Executive Office of the Governor's process for drafting, preparing, and promulgating Executive Order 25-244, including but not limited to: (a) any individuals involved, and the nature of their contributions, (b) any changes or edits made to the language, substance, or effect of the order, (c) any documents or materials reviewed, (d) any facts or information considered, (e) consideration of alternative measures, and (f) any concerns raised, either internally or externally, about Executive Order 25-244. (Topic 6)
    - Communications between the Executive Office of the Governor and any county, municipal, state, federal official, staff member, or any other individual or entity concerning the development, promulgation, or enforcement of Executive Order 25-244. (Topic 7)
    - The Executive Office of the Governor's basis for issuing Executive Order 25-244, including but not limited to: (a) the Governor's authority to issue the order, (b) the purpose of the order, (c) the justifications and factual grounds for issuing the order, (d) the governmental and/or public interest served by the order, and (e) how the order serves those interests. (Topic 8) (with exception to subparts (c)-(e))
    - The two "CAIR Bullet Points" documents provided in discovery (Def's 00001 – 00007), including (a) the individuals involved in preparing them, (b) the sources consulted in preparing them, (c) the process of preparing them, and (d) their purpose. (Topic 10)
    - The Executive Office of the Governor's understanding of how Executive Order 25-244 would be implemented or enforced against CAIR or CAIR-Florida or against individuals or entities alleged to provide "material support" to Plaintiffs. (Topic 14)
    - The Executive Office of the Governor's development and issuance of public statements concerning Executive Order 25-244, CAIR, CAIR-Florida, Islam, and/or Muslims. (Topic 15)

- The Executive Office of the Governor's involvement in any other current or contemplated government actions, programs, or policies concerning CAIR or CAIR-FL. (Topic 17)
- Whether other organizations were considered for designation, and the criteria used.
- Why draft "whereas" clauses were removed before the Order issued.
- Why draft "whereas" clauses were removed before the Order issued.
- Whether anyone in the Governor's office reviewed a source cited in Mr. Arnold's declaration.
- Whether anyone in the Governor's office considered the EO's First Amendment implications before it issued.
- Whether the Governor's office considered alternative measures before designating CAIR, and why they were rejected.
- Whether the Governor's office assessed the sufficiency of existing Florida law before issuing the Order.
- Whether the Champions for Justice Fund was discussed before the EO issued.

4. **Basis for the Privilege:** The questions posed in each of these topics (and that which relates to communications implicated by Defendant's privilege log previously served on Plaintiffs which claimed deliberative process privilege) would require the disclosure of predecisional and deliberative information related to Executive Order 25-244 that falls squarely within the bounds of the deliberative process privilege. The nature of inquiries surrounding those listed topics and questions strikes at information that reflects the collaborative give-and-take of the consultative process, which drives internal, governmental decision-making. Disclosure would chill that process and minimize effective governance.

5. **No Waiver:** I have maintained the confidentiality of this information and have not waived this privilege through disclosure to any third parties or public forums.

Executed on this 13th day of October, 2026, in Tallahassee, Florida.

Deputy Chief of Staff Jay K. Arnold, Jr.

Executive Office of the Governor

---

**NOTARY ACKNOWLEDGMENT**

State of Florida

County of Leon

The foregoing instrument was acknowledged before me by means of [ ] physical presence or [ ] online notarization, this 13th day of October, 2026, by Jay K. Arnold, Jr., [ ] personally known to me or [ ] who has produced a Florida driver's license as identification.

Jenna M. Hodges

**Notary Public Signature**

NOTARY PUBLIC STATE OF FLORIDA
JENNA M. HODGES
Commission # HH 760728
Expires January 27, 2030

My Commission Expires: ________________
*(Seal)*